STATE OF MISSOURI, *ex rel.*, T. Z. BLAKEMAN, Relator *vs.* SAM-UEL HAYS, State Auditor, Respondent.

1. *Statute, construction of—When retrospective.*—Statutes are not to be construed as having a retrospective effect, unless the intention is clearly expressed that they shall so operate, and unless the language employed admits of no other construction.

2. *Agents—Public or private—Unauthorized acts—Ratification.*—An agent, whether public or private, cannot ratify his own unauthorized act.

3. *Agents, public—Authority of.—Knowledge of.*—Individuals, as well as courts, must take notice of the extent of authority conferred by law upon a person acting in an official capacity.

*Mandamus.—On motion for a re-hearing.*

*T. Z. Blakeman, with Krum & Patrick*, for Relator.

I. A re-hearing is prayed.—Because the court overlooked the fact that the warrant was drawn and delivered after the passage of the act creating the "Military Fund."

II. Because the decision of the court is in conflict with the cases of Fremont vs. The United States, 2 Ct. of Cl. R. 461, and Theodore Adams vs. The United States, 2 Ct. of Cl. R., 70.

*A. J. Baker, Attorney General*, for Respondent.

Filed no brief on this motion, but submitted the case on his former argument and brief.

EWING, Judge, delivered the opinion of the court.

At the October term, 1872, of this court, respondent filed a motion for judgment on the replication of the relator, on the following grounds substantially, namely: That it is alleged in respondent's return, and admitted by the relator in his reply, that the warrant was issued in payment of powder, and that said powder, if purchased at all, was so purchased on the 26th day of April, 1861, and prior to the act May 11, 1861, whereby the military fund upon which said warrant was drawn was created; that it is alleged by respondent that the Legislature of the State never ratified the supposed purchase, nor authorized its payment; and respondent asks judgment, if the act of May 11, 1861, was a ratification thereof, as plead-

ed by relator in his reply. This motion for judgment was sustained, and judgment entered accorbingly at the last term.

The motion for a re-hearing presents these grounds : First— The court overlooked the fact that the warrant was drawn and delivered after the passage of the act creating the military fund. Second—The act of May, 1861, was a virtual ratification of the act of the Governor in the purchase of the powder. To this motion is annexed an affidavit of James Harding, the then (1861) Quartermaster General of the State, to the effect that in the months of April and May, 1861, he was such Quartermaster General, and as such, acting under the advice and direction of the Governor of the State, he purchased, for the use of the State of Missouri, a large quantity of gunpowder from Thomas H. Larkin in St. Louis; that as such officer he gave receipts for said powder to Thos. H. Larkin, and had the said powder, together with other powder purchased in St. Louis, transported to Jefferson City, and there stored ; that soon after said purchase the Legislature was called together in extra session ; that on or about the 8th of May, 1861, at the request of said Legislature, he made a report to the said Legislature in regard to his actions in purchasing said powder, wherein he showed when and where he made said purchase, where it was stored, and that the same had not been paid for.

The act referred to, which it is claimed was a ratification of the act of the Governor, or at least a legislative recognition of the obligation of the State to pay for purchases previously made by him, says, the Governor is hereby authorized and required to purchase such arms, munitions of war, and books of instruction, as he may deem best suited to accomplish the object designed by this act; and it shall be the duty of the auditor of public accounts, upon the order of the Governor, to draw his warrant upon the treasurer for the whole or any part of the military fund. (Acts 1861, section 5.)

It is conceded by the relator, that when the purchase was made, in April, 1861, it was done without authority. But it is maintained, " that the Governor affirmed his own act;"

that although the purchase was without authority, it was ratified by him in May, 1861, by ordering the delivery of a warrant of the auditor to Larkin, the agent.

The rule is well settled, that statutes are not to be construed as having a retrospective effect, unless the intention of the Legislature is clearly expressed that they shall so operate, and unless the language employed admits of no other construction.

There is obviously nothing to be found anywhere in the act in question, that either expressly or by implication warrants such a construction of it. It is wholly silent as to any previous action of the Governor, or as to any past transactions respecting the matter in controversy.

The position that the Governor ratified his own act is also untenable. The purchase having been made by him without authority, he could not ratify it directly or by any act signifying assent or acquiescence. The Governor himself was but an agent, and as he had no power to make the contract, he was therefore incapable of confirming or ratifying it. The sovereign power alone was competent to ratify it. (See Delafield vs. State of Ill., 26 Wend., 192–228; People vs. Phœnix Bank, 24 Wend., 431; the State vs. Bank Mo., 45 Mo., 528.) Public agents derive their authority from the law which authorizes their appointment. No person may profess ignorance of the extent of the power of a public agent, and individuals as well as courts must take notice of the extent of authority conferred by law upon a person acting in an official capacity. (See Commonwealth vs. Fenbe, 10 Mass., 30; 1 Met., 165.)

It is further urged, that the warrant being drawn and delivered *after* the passage of the act creating the military fund, it is a fact worthy of consideration. The answer to this is, that the law creating this fund was not enacted until after the purchase in question, and did not, as we have seen, apply to previous transactions of this character. The delivery of a warrant drawn upon this fund, therefore, could have no efficacy.

Motion for a re-hearing overruled. The other Judges concur.