SINGER MANUFACTURING COMPANY, Respondent, v. S. S. SHULL, Appellant.

Kansas City Court of Appeals, April 4, 1898.

1. **Chattel Mortgages:** UNACKNOWLEDGED: VALIDITY. An unrecorded mortgage, though valid between the parties, is invalid to a purchaser without notice.

2. ———: STATUTORY CONSTRUCTION: ACT OF 1895. The amendment of section 5176 by the act of April 11, 1895, is to be prospectively and not retrospectively construed. An unacknowledged mortgage in existence at the passage of that act was in no way affected thereby and was void both before and after it took effect.

*Appeal from the Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

REVERSED.

S. S. SHULL for appellant.

(1) The act of 1895, page 180, was intended by its very words "hereafter made," to have only a pros-

pective operation, and had it been intended otherwise it would be void. Gamper v. Waterbury Traction Co., 36 A. (Conn.) 806; 68 Conn. 424; Walton v. Fudge, 63 Mo. App. 56; Teete v. Bank, 115 Mo. 184; State v. Grant, 79 Mo. 113. (2) The act of 1895 not applying to this case, and the law relating to acknowledging and recording of mortgages not having been complied with, the finding and judgment should have been for defendant, because the mortgage was not recorded as provided by law. Walton v. Fudge, 63 Mo. App. 52; Leete v. Bank, 115 Mo. 184; State v. Grant, 79 Mo. 113; R. S. 1889, sec. 5176; Pignaz v. Burnett, 51 P. (Cal.) 48. See cases cited 23 Am. and Eng. Ency. of Law, pp. 447–450.

STAUBER & CRANDALL and SPALDING for respondent.

(1) The recording or filing of an instrument is constructive change of possession. Jones, Chat. Mort. [3 Ed.], chap. 4, pp. 203, 251, secs. 190, 237; Miller v. Bascom, 28 Mo. 352; Chandler v. West, 37 Mo. App. 631. (2) The legislature has the right to make the record of an instrument, already good between the parties, constructive notice. Gatewood v. Hart, 58 Mo. 261. Or an instrument recorded before the law provided for its record notice. Jones, Chat. Mort., p. 265, sec. 248.

SMITH, P. J.—This is an action of replevin to recover possession of a sewing machine. The facts agreed in substance are these: On the STATEMENT. eighth day of February, 1895, the plaintiff sold to Effie Davis LaJoye a sewing machine and took a note for $40, the amount of the deferred payment, with an unacknowledged mortgage

covering the machine to secure the same. On the seventh day of December, 1895, a duly certified copy of said unacknowledged moitgage was filed for record in the office of the recorder of Buchanan county, the same being the county in which the mortgagor resided. In the month of July, 1896, the defendant by purchase and for a valuable consideration obtained possession of said machine. The cause was tried before the court without a jury. No instructions were requested or given. The judgment was for the plaintiff and the defendant has appealed.

The mortgage was valid as between the parties thereto, under section 5176, Revised Statutes, but invalid as to the defendant, he being a purchaser for value from the mortgagor, Johnson v. Jeffries, 30 Mo. 423, but it is insisted that when it was recorded it became valid and effective under the provisions of section 1 of the act approved April 11, 1895. Sess. Acts 1895, p. 179. Section 5176, Revised Statutes, already referred to as amended by the said act of 1895, provides: "No mortgage or deed of trust of personal property shall hereafter be valid as against any other person than the parties thereto unless * * * a true copy thereof be filed in the office of the recorder of deeds" * * * and such "copy thereof may be so filed although not acknowledged, and shall be as valid as though the instrument were fully spread upon the records * * * and * * * shall thenceforth be notice of the contents thereof to all the world." Said section 5176, was by said amendatory act, re-enacted with the supplementary provisions appearing in said section as amended. The section as amended stands just as if it were enacted in its entirety for the first time. The pivotal question now is whether its

*[margin note: CHATTEL mortgages: unacknowledged: validity.]*

provisions are applicable to a mortgage like that of plaintiff made before its passage.

The rule is well settled in this state to the effect that in construing statutes in regard to whether their action is to be prospective or retrospective, "they are to operate prospectively and not otherwise unless the intent that they are to so operate in such an unusual way, to wit, retrospectively, is manifested on the face of the statute in a manner altogether free from ambiguity." Walton v. Fudge, 63 Mo. App. 56; Leete v. Bank, 115 Mo. 184; State v. Hays, 52 Mo. 578. In the last cited case the rule is stated to be that: "Statutes are not to be construed as having a retrospective effect unless the intention of the legislature is clearly expressed that they shall so operate and unless the language employed admits of no other construction." In the present instance not only is there nothing in the statute to show that it was intended to operate retrospectively, but on the contrary the language thereof expressly limits its application to unacknowledged mortgages "hereafter made." And by necessary implication such mortgages as were theretofore made were not within its specification and therefore not affected by it. The plaintiff's unrecorded mortgage, having been made prior to the taking effect of the act of 1895, was invalid as to any person other than the parties thereto under the statute then in force and remained so under the said act of 1895 though recorded after the latter act went into effect. Its validity was not enlarged or extended by that act. It remained just as if the act had never been enacted, or, in other words, it was void as to the defendant, both before and after the act took effect. The recording of such mortgage was not notice to defendant of the contents thereof nor did it

*—: statutory construction: act of 1895.*

amount to a constructive delivery of the property by the mortgagor to the mortgagee.

It follows from these observations that the judgment of the circuit court must be reversed. All concur.