CITY OF WESTPORT ex rel. PATRICK MOORE, Appellant, v. AMELIA HAUK et al., Respondents.

### Kansas City Court of Appeals, February 10, 1902.

1. **Justices' Courts: SPECIAL TAXBILL: JURISDICTION: STATUTORY CONSTRUCTION: REPEAL.** Under section 1592, Revised Statutes 1889, as amended by the Act of 1893, justices of the peace had jurisdiction to enforce special taxbills amounting to less than two hundred dollars and the repealing Act of 1895 did not divest justices' courts of such jurisdiction over taxbills issued prior to its adoption, though it fails to confer jurisdiction over taxbills issued under its provisions.

2. ———: **CIRCUIT COURTS: JURISDICTION.** When a justice determines that an action brought before him involves the title to real estate and certifies the cause to the circuit court, the latter acquires original jurisdiction of the suit whether the justice was in error in his determination or not; but if the justice has not, primarily, jurisdiction his certification of the cause does not confer jurisdiction on the court.

Appeal from Jackson Circuit Court.—*Hon. Jno. W. Henry,* Judge.

REVERSED AND REMANDED.

*Scarritt, Griffith & Jones* for appellant.

(1) This case was properly certified by the justice to the circuit court, and when this was done the circuit court became "possessed of said cause. . . . as if originally commenced therein," and regardless of the question as to whether or not the justice had jurisdiction of the case. R. S. 1889, sec. 6219; R. S. 1899, sec. 3951; Meier v. Thieman, 90 Mo. 441; State ex rel. v. Ganzhorn, 52 Mo. App. 220; Gassert v. Bogk, 7 Mont. 585 (1 L. R. A. 240); Biddler v. Walker, 69 Ind. 362; Duckworth v. Mosier, 129 Ind. 458 (29 N. E. 1057); Baker v. Railroad, 114 Cal. 501 (46 Pac. 604); Ditch and Water Co. v. Sup. Ct. of Los Angeles Co., 92 Cal. 47 (26 Pac. 54). (2) The statute by virtue of which the taxbills in question were issued, is as much a part of the bills as if written in the face thereof. Oster v. City of Jefferson, 57 Mo. App. 492. (3) The law under which the taxbills in question were issued expressly provided that the lien of the bills might be enforced before any justice of the peace of Jackson county. Laws 1893, p. 107; R. S. 1899, secs. 1592, 1604. (4) A manifest intention of the Legislature to change or take away a remedy will not be upheld by the courts, if such change or repeal of the existing remedy substantially affects or lessens the value of the right already acquired. Seibert v. Lewis, 122 U. S. 284 (L. Ed. 30, p. 1163); Barnitz v. Beverly, 163 U. S. 118 (L. Ed. 41, p. 93). (5) The whole of the act of the Legislature as found in the Revised Statutes of 1889 concerning cities of the fourth class, together with the amendment of 1893, was repealed in 1895, Laws 1895, p. 66. This repeal, however, did not affect taxbills or other rights acquired by virtue of the prior law, as no "law impairing the obligation of contracts, or retrospective in its operation . . . can be passed by the General Assembly." Constitution of Missouri, art. 2, sec. 15; Singer Mfg. Co. v. Shull, 74 Mo. App. 489; Bartlett v. Ball, 142 Mo. 36. (6)

Even the remedy provided in the law under which a right or obligation is acquired, will not be changed or affected by an amendment or repeal of the former law, unless it is the clear and manifest intention of the Legislature to change or take away by its later act the remedy provided in the law which is the basis of the right. Van Rheeden v. Bush, 44 Mo. App. 283; Singer Mfg. Co. v. Shull, 74 Mo. App. 489; Acts 1895, pp. 66 to 90.

*Wm. O. Thomas* and *Earle C. Rieger* for respondents.

(1) The justice of the peace had no jurisdiction. Laws 1895, p. 66, sec. 1. (2) A circuit court is the tribunal for enforcing liens against real estate, when jurisdiction is not conferred on justices of the peace. State ex rel. v. Hopkins, 87 Mo. 526; Pleasant Hill v. Dasher, 120 Mo. 675. (3) Although the law, under which the special taxbill was issued, authorized the filing of suits thereon before a justice of the peace, it became changed before any suit was filed, and it was plaintiff's right and duty to file his suit in the circuit court. Trust Co. v. Donnell, 81 Mo. App. 147; Kansas City to use v. Summerwell, 58 Mo. App. 247. (4) Even were title to real estate involved plaintiff could not get his case in the circuit court by the course pursued. "No justice of the peace shall have jurisdiction . . . of any action where title to any lands shall come in question and be in issue." R. S. 1889, sec. 6124; R. S. 1889, sec. 6219. (5) A special taxbill suit is not one involving title to real estate. Pleasant Hill v. Dasher, 120 Mo. 675. (6) If title to real estate were involved in this case this court has no jurisdiction. State ex rel. v. Ganzhorn, 52 Mo. App. 220,

SMITH, P. J.—This is an action on three special tax-bills, for thirty dollars each, issued by the said city against a certain lot of the defendant for street curbing in front

thereof. It was brought before a justice of the peace where "it appeared to the satisfaction of the justice that the title to real estate was involved therein," and thereupon the justice certified the cause to the circuit court. In the latter court the defendant moved that the cause be dismissed because neither that court nor the justice had jurisdiction of it. This motion was sustained and from the judgment the relator has appealed.

The question thus presented by the record is whether or not the justice primarily had jurisdiction of the cause, for, if so, the action of the trial court was erroneous and its judgment must be reversed. And whether or not the justice had jurisdiction depends upon the construction to be given to section 1592 of article 5, chapter 30, Revised Statutes 1889, as amended by the Act of March 16, 1893 (Sess. Acts 1893, p: 107), and that of April 11, 1895 (Sess. Acts 1895, p. 65). It is conceded that under the provisions of said article 5, chapter 30, Revised Statutes 1899, as amended by said Act of March 16, 1893, justices of the peace had jurisdiction of actions to enforce special taxbills where the amount thereof did not exceed two hundred and fifty dollars.

The special taxbills sued on here were issued while the former act was in force, but before this action was begun thereon the said article 5, chapter 30, as amended, had been repealed in its entirety by the said Act of April 11, 1895. Under the provisions of the latter act no jurisdiction of action to enforce special taxbills was conferred on justices of the peace. The latter act was manifestly intended to repeal and supersede the former, and it undoubtedly took away the jurisdiction of justices of the peace to enforce taxbills in existence at the time it went into effect, unless a different purpose was manifested on its face. Singer v. Shull, 74 Mo. App. 489.

By section 92 of the latter (the repealing act) it was provided that all special taxbills for curbing, etc., *"authorized by*

*this act"* shall be collectible in an action brought in the name of the city, etc.   It is thus seen that the amendatory and superseding act expressly limits its operation to such taxbills as are "authorized by this act."   It is a common-law maxim, applicable to the construction of statutes, that the expression of one thing excludes another.   The expression of the repealing act that it applied to such taxbills as were authorized by it, must be held to conclusively show that special taxbills not authorized by it, as here, were excluded from its operation.   There is nothing in the phraseology of the repealing act which in the least lends countenance to the contention that it was intended to apply to such pre-existing special taxbills as were enforcible before justices of the peace.   It is, therefore, our conclusion that the justice had jurisdiction of the taxbills sued on in the present case.

The statute (section 3951, Revised Statutes 1899) provides that if in any action brought before a justice of the peace, it appears to the satisfaction of such justice that the title to real estate be in issue on the trial of the cause, he shall make an entry of that fact on his docket and certify the cause and transmit all papers and process therein to the circuit court, which shall be possessed of said cause and proceed therewith without regard to the amount in controversy or any error in the decision of the justice in certifying said cause to it, as if originally commenced therein.   When a cause is so certified to the circuit court, that court acquires original and not appellate jurisdiction of it.   And whether or not the justice was in error as to whether or not title to real estate was an issue involved in this case, or whether or not the amount sued for is less than fifty dollars, is declared by said section to be immaterial.   It is the certificate of the justice of a fact, whether it exists or not, that confers the original jurisdiction in the circuit court.   When the cause reaches that court, under such certification, it stands as if it had in the first instance been brought therein.   No cause can be so

removed unless the justice *primarily* has jurisdiction of it. The statute has no application to any case in which he has not such jurisdiction. In the present action the justice had jurisdiction, and that jurisdiction remained until it was ousted by the conclusion reached by him that the issue of title to real estate was involved. He then certified the cause to the circuit court, whereby that court acquired original jurisdiction, after which it should have proceeded with the case as required by the statute.

It results that the judgment must be reversed and the cause remanded. All concur.