PETRING, Respondent, v. CURRENT RIVER LAND AND CATTLE COMPANY. Appellant.

St. Louis Court of Appeals, March 7, 1905.

1. **JURISDICTION: Constitutional Question: Interpretation of Statute.** The determination of whether a legislative act is prospective only, or retrospective in application and therefore contrary to the Constitution, article 2, section 15, is a question of interpretation (the meaning of the statute) and not of constitutionality, so that the court of appeals has jurisdiction.

2. **STATUTE: Interpretation.** The act of March 6, 1903 (Laws of 1903, pages 254-256) relating to the refunding of taxes paid by the purchaser of land at tax sale, in suits for the recovery of such land, is not retrospective, but applies to future tax sales only.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans*, Judge.

MODIFIED AND AFFIRMED.

*John C. Brown* for appellant.

(1) The Act of 1903 did not go into effect until June 21, 1903, and the court erred in giving defendant a lien for any taxes paid before it took effect. Session Acts of 1903, pp. 254 and 255. (2) To give the Act of 1903 any other construction would be to render it retrospective in its operation and therefore unconstitutional. Constitution of Mo., Art. 2, Sec. 15; Leete v. Bank, 141 Mo. 575, 42 S. W. 1074; St. Louis v. Creamer, 52 Mo. 133; Conway v. Cobb, 37 Ill. 82; Leete v. Bank, 115 Mo. 184, 21 S. W. 788; Hauessler v. Greer, 78 Mo. 188; Reed v. Swan, 133 Mo. 100, 34 S. W. 483; Singer v. Shull, 74 Mo. App. 486; Seamons v. Carter, 15 Wis. 548.

## STATEMENT.

The petition in this case, one to quiet the title to certain land in Shannon county, was filed February 14, 1903. The answer stated the defendant company, and those under whom it claims, had claimed title to the land since May 5, 1881, by virtue of a judgment and sale for delinquent taxes, and that believeing in good faith they were the owners of the land, defendant and its grantors had paid the taxes thereon from the years 1879 to 1902; concluding with a prayer that, if the title was decreed to the plaintiffs by reason of any defect in the sale for taxes, the court adjudge that plaintiffs pay defendant all taxes paid by it and those under whom it claims with interest at the rate of six per cent to date, and that the amount of interest and taxes be decreed a lien on the land in favor of the defendant. There was testimony that Logan B. Dameron, the original purchaser of the land at the tax sale in 1881, had paid the taxes for each year from 1879, to 1902, to the amount, with interest, of $247.07. The court decreed the title well vested in the plaintiffs, but declared a lien in favor of the defendant for the amount of the taxes paid by it and previous owners under whom it claimed.

The only point in contest is as to whether that lien was properly adjudged. To support it reliance is placed on the Act of March 6, 1903, which provides:

"That no suit or action, in any of the courts of this State, either at law or in equity, shall hereafter be maintained by any person or corporation, against any other person or corporation, for the determination of the title to, or for the recovery of the possession of, any lands which shall have been sold for taxes, or any interest in any such lands, or for the setting aside, or cancellation of any tax deed or sale of land for taxes, alleged to have been void, voidable or defective, unless such person or corporation so seeking to recover such lands, or some in-

terest therein, or the setting aside of such tax deed or tax sale, shall in his petition offer to refund to the defendant therein, or to such other person or corporation, from whom and against whom such recovery is sought in such action, all taxes paid by such defendant, or other persons, and his grantors, remote or immediate, or by those under whom he claims, together with interest thereon from the date of payment of such taxes to the date of the judgment in such action. No actual tender shall be required to be made by such plaintiff, or other person seeking such recovery or cancellation of such deed, but it shall be deemed sufficient if an offer to pay the same, as soon as the amount thereof shall be ascertained, shall be made and set out in such petition. All courts before which any such action may be brought or maintained, shall, if the judgment in such action be adverse to the defendant, or defendants, therein, and the recovery of such land, or any interest therein be adjudged or decreed, find and adjudge by its decree or judgment the amount of money due to the defendant, or to other persons, on account of taxes or interest thereon paid as aforesaid, by defendant, or his grantors as aforesaid; and all such courts may, if such relief be prayed for in the answer or the other pleading of the defendant or other person entitled to reimbursement, adjudge and decree that the amount so found by the court, or a jury, shall be and constitute a lien upon the lands recovered, or in controversy." Laws 1903, p. 254, 255.

This act took effect June 21, 1903, the Legislature having adjourned March 23d.

GOODE, J. (after stating the facts).—The contention of the plaintiffs is that the legislative act quoted in the statement has no application to tax sales already made or taxes paid before it took effect; whereas, the defendant contends that it covers those sales as well as

subsequent tax sales or payments of taxes. It is further urged by the plaintiffs that the claim of the defendant for taxes extinguished prior to 1897 is barred by the Statute of Limitations, the claim having been asserted in the answer in the present action filed in February, 1903. The judgment of the circuit court gave the act a retrospective operation so as to cover the taxes which the claimants of the land in controversy under the tax sale had paid during twenty years. The sale itself occurred more than twenty-four years before the act took effect and the taxes were all paid prior to its taking effect. The question in the case, therefore, is whether the act embraces those past transactions and the reimbursement of the defendant for its outlay may be made a condition on which the plaintiffs will be afforded the redress they pray. Our constitution forbids the enactment by the General Assembly of laws retrospective in their operation. Constitution, art. 2, sec. 15. If the proposition involved was one of constitutional law our jurisdiction would not include it; but we regard it as one of interpretation—the meaning of the statute, instead of its constitutionality. It is an established rule for the interpretation of legislative acts, that they shall be construed as prospective in intention and application and not retrospective, unless their language calls for retroactive operation. Thompson v. Smith, 8 Mo. 723; State ex rel. v. Parker, 41 Mo. 25; State ex rel. v. Hays, 52 Mo. 578; State ex rel. v. Ferguson, 62 Mo. 77; Leete v. Bank, 115 Mo. 184, 21 S. W. 788. The language of this act looks to the future. It says no suit or action shall hereafter be maintained for the determination of the title to, or for the recovery of possession of any lands *which shall have been sold for taxes,* etc. That language imports future sales and affords no room for a construction which would extend the remedy provided by the act so as to cover prior transactions, even if such construction was favored; but it is discounte-

nanced. The doctrine that statutes will be held to oper-
ate prospectively when their language permits that rul-
ing, has been applied to just such cases as this one.
Att'y Gen'l v. Baird, 76 Mich. 295; Inv. Co. v. Thayer,
7 S. D. 72; Moody v. Haskins, 64 Miss. 468. The only
theory on which it can be contended that the act in
question ought to have a retrospective operation is that
it relates exclusively to the remedy and not to the right.
Acts changing remedies in any way that does not de-
stroy or impair vested rights, are excluded from the rule
invalidating retrospective laws even when they are in-
tended to retroact. But remedial laws are not allowed
a retrospective operation when they create an additional
disability or new defense, or otherwise impair vested
rights. Missouri cases cited above: Couch v. Jeffries,
4 Burr. 2460; Dash v. Van Kleech, 7 Johns. 477; Wade,
Retroactive Laws, sec. 198, et seq. The courts have an-
nounced widely divergent opinions as to when statutes

(Page 377, line 19.)
e-
changing remedies and enacted to operate retrospective- al
and invalid. We have no occasion to look into the author-
ities on the subject. The language of the statute in
question calls for future operation only and should not
be interpreted to retroact merely because that interpre-
tation would be equitable and enforce an obligation
morally incumbent on the plaintiffs to repay the taxes
on their land which the defendant had discharged. Such
an interpretation would disregard the language of the
act. The judgment of the court below is, therefore,
modified by vacating and annulling that part of it which
declares a lien on the land in question in favor of the
defendant for the sum of $246.07, paid by defendant for
taxes. As thus modified the judgment is affirmed. All
concur.