## JOHN H. SMITH, Respondent, v. THOMPSON & BOHART, Appellants.

### Kansas City Court of Appeals, December 3, 1906.

1. **CHATTEL MORTGAGE: Kansas Statute: Repeal: Statutory Construction.** The Kansas statutes prescribe as a rule of construction that the repeal of a statute does not affect any rights accrued, duties imposed, penalties incurred or proceedings commenced under the repealed statute and the provisions of the repealing statute which are similar to those of the repealed statute are a continuance and not a new enactment.

2. ———: ———: ———: ———. A Kansas chattel mortgage was properly filed in September, 1901, and the mortgagee made the affidavit required by the statute in 1902 in proper time. In June, 1903, the statute was amended so as to require the filing of the affidavit before the expiration of two years in the place of yearly as theretofore prescribed. The mortgagee relying on the amended statute did not file the yearly affidavit in the following September. *Held*, the repealing statute was prospective and did not affect the rights, obligations and duties of the parties to the mortgage which were vested before its passage and that the mortgagee's failure to file his affidavit in September, 1903, rendered the mortgage void as against subsequent purchasers.

Smith v. Thompson & Bohart.

3. ———: ———: ———: ———: **Remedies.** The Legislature may repeal or modify legal remedies but it has no power to change or take away a remedy where its exercise would affect vested rights.

4. ———: ———: ———: ———: **Similar Provisions.** The rule that similar provisions are to be construed as a continuance of the old provisions and not as new enactments cannot affect the rights of the parties to the mortgage mentioned since the repealing act in respect to the filing of affidavits was very materially different from that of the old law and cannot be held to continue it in existence.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey*, Judge.

REVERSED.

*Culver & Phillip* and *Peery & Lyons* for appellant.

(1) The amendatory act which went into effect June 1, 1903, can have no retroactive effect, nor does it apply to a mortgage executed and filed long before its adoption. Cranor v. School District, 151 Mo. 125; Mc-Faul v. Haley, 166 Mo. 56; Reed v. Swan, 133 Mo. 100; Chiles v. School District, 103 Mo. App. 240; Singer Mfg. Co. v. Shull, 74 Mo. App. 486; Petring v. Cur. Riv. Co., 111 Mo. App. 373; People v. O'Brien, 111 N. Y. 1; Kingland v. Culp, 85 Mo. 548; Suth., Stat. Const., sec. 463; Dash v. VanKleeck, 7 Johns. 506. (2) Nor does the fact that the act of 1903 repealed section 4246 as it existed at the date of the execution and filing for record of plaintiff's mortgage affect the rights, obligations and duties of the parties to that instrument. Suth., Stat. Const., sec. 167; Kinsy v. Eilerman, 23 Ky. Law 914; Nelson v. Sykes, 44 Minn. 68; Bardwell v. Mann, 46 Minn. 285. (3) If it should be conceded for the sake of argument, that the amendatory act applies to plaintiff's mortgage, as if it had been in force at the date of its execution, such concession would not resolve the case in plaintiff's favor. Jones on Chattel Mort-

gages, sec. 287; Cobbey on Chat. Mort., sec. 592; Loan Assn. v. Sane, 34 Misc. (N. Y.) 188; In re Landman, 5 Ohio St. 398; 5 Am. and Eng. Ency. Law, 1012; 24 Am. and Eng. Ency. Law, 112 N. 2.

*P. C. Young* for respondent.

BROADDUS, P. J.—On September 6, 1901, E. L. Drummond, for the consideration of $830, executed a promissory note payable to the plaintiff, due September 6, 1904, and to secure its payment executed a mortgage on a certain number of cattle. The cattle were located in the State of Kansas and the note and mortgage were properly filed for record with the register of deeds for Trego county in that State.

Under the then laws of Kansas, in order to make the mortgage valid as against creditors of the mortgagor, subsequent purchasers and mortgagees in good faith, the mortgagee was required to deposit forthwith a true copy thereof in the office of the register of deeds of the county where the property is situated, or if the mortgagor is a resident of the State, then in the county of his residence. And furthermore, the then laws of Kansas provided that such mortgages shall be void as to all such creditors, subsequent purchasers or mortgagees, one year after such filing unless within thirty days next preceding the expiration of the term of one year from such filing and each year thereafter, the mortgagee, his agent or attorney, shall make an affidavit exhibiting the interest of the mortgagee in the property at the time last aforesaid claimed by virtue of such mortgage, and if such mortgage is to secure the payment of money, the amount yet due and unpaid, such affidavit shall be attached to and filed with the instrument. On the 22d of September, 1902, the plaintiff filed the required affidavit. On the 20th day of October, 1903, Drummond sold twenty head of said cattle to the defendants at St. Joseph, Missouri, for the sum of $316.80.

The plaintiff's suit is for conversion of the said cattle.

In the meantime, on July 1, 1903, the mortgage laws of Kansas were amended as follows:

"Section 1. That section 4246 of the general statutes of 1901 be amended to read as follows:

"Every mortgage so filed shall be void as against the creditors of the person making the same, or against subsequent purchasers, or mortgagees, in good faith after the expiration of two years after the filing thereof unless within thirty days next preceding the expiration of the term of two years from such filing and each two years thereafter, the mortgagee, his agent or attorney, shall make an affidavit exhibiting the interests of the mortgagee in the property at the time last aforesaid, claimed by virtue of such mortgage, and if said mortgage is to secure the payment of money, the amount yet due and unpaid, such affidavit shall be attached to and filed with the instrument or copy on file to which it relates.

"Section 2. That section 4246 of the general statutes of 1901 be and the same is hereby repealed."

It will be observed that at the time of the execution and filing of the mortgage and the making of said affidavit, the amendment or repeal of the statute had not become a law, and that under the law as it then existed plaintiff's lien would have expired in September, 1903, unless a new affidavit had been made and filed at that time. It is the theory of the plaintiff that, as the amendatory act extending the time in which such affidavit should be made and filed to two years, and as two years had not expired from September, 1903, the time said affidavit was filed, and the time when defendant in October, 1903, converted said cattle to its use, his lien was continued in force by virtue of said amendment.

The question is one of the construction of the Kansas amended or repealing statute. The general rule of construction adopted by the Legislature of Kansas is

as follows: "In the construction of the statutes of this State, the following rule shall be observed, unless such construction would be inconsistent with the manifest intent of the Legislature or repugnant to the context of the statute: The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under and by virtue of the statutes repealed. The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not a new enactment." This rule of construction was applied in a case involving a mechanic's lien. The question was, whether parties that performed labor and furnished materials in the construction of a building under subcontracts, while the law of 1872 was in force, could after the repeal of that law, proceed either thereunder or under the act of 1899 to perfect mechanic's lien upon the property. The court said: "A right accrued to these contractors under the act of 1872 by performing work and furnishing materials in the erection of the building. . . . Under the act of 1872, a subcontractor was required to file his lien statement within sixty days after the completion of the building; but under that of 1889 he must file it within sixty days after furnishing the last item of his account." The court held that, "By the act of 1872, the time limited for the commencement of the action to enforce the lien was one year after the completion of the building; but under the act of 1889, the suit must be brought within one year after the filing of lien statement, and therefore these statements were not filed too soon, nor the action prematurely commenced." [Hotel Co. v. Hardware Co., 56 Kan. 448.] There are other cases of similar ruling. [Lynch v. Chase, 55 Kan. 373; Shaw v. Stewart, 43 Kan. 572; Lumber Co. v. Savings Bank, 52 Kan. 410.]

Take for example, in Hotel Co. v. Hardware Co., supra, the matter was a plain and correct application of the law to the facts of that case. The subcontractors were entitled to a lien under the law in force at the time the work was done and the material furnished, but before their lien was filed the law was changed requiring their lien statement to be filed at a different time. Under the rule of construction noted, the right to the lien itself was not affected by the repeal, but the time within which it should be enforced was changed. The former statute was not changed so as to affect the right, but the manner of its enforcement. Had the proceedings to establish the lien been commenced under the laws of 1872, but not in time to have completed them, under the provisions of the repealing act, they would not have lost their lien. Under the rule and the repealing act, both the right and the remedy would have been reserved.

Much has been said and many authorities referred to in briefs of counsel as to the power of the Legislature to repeal or modify legal remedies. There is no doubt about the existence of such a power, and we take it for granted that there can be no real dispute about it. But such power does not exist to change or take away a remedy in instances where its exercise would affect vested rights. This must be also conceded. But we will, for the purpose of the argument, consider the repealing act of the Kansas mortgage law of 1902 as merely remedial in its character without affecting any vested rights of the parties to the mortgage in question. And, as the language of the statute providing a rule for construction of a repeal of an existing act expressly provides that the latter does not "affect any right which has accrued, nor any proceeding commenced under or by virtue of the statutes repealed," we have only in that view of the case to ascertain the intent and meaning of the said repealing act. In Hotel Co. v. Hardware Co., supra, the court holds that, in mechanic's lien cases where the lien

accrued during the period of an act repealed and the time had been shortened by the new law for filing a lien statement and bringing suit, that the proceedings were governed by the latter. In Nixon v. Cydon Lodge, 56 Kan. 298, it is held: "The right to a mechanic's lien must be determined by the law in force at the time the right became vested, but the lien must be established or preserved and enforced by the law in force at the time the necessary proceedings are had for that purpose." Applying this rule of the Kansas court, it devolved upon the mortgagee, if the repealing act was retrospective and not prospective, in order to retain his mortgage lien on the cattle in controversy, to comply with the law then in force. Under the statutory rule of construction, his lien was unaffected by the new law, and the proceeding he had instituted to keep such lien in force by filing the necessary affidavit in September, 1902, was also unaffected. He did not comply with the new law by filing the required affidavit within two years from the date of the filing of his mortgage which he could have done.

But it is contended that under the rule of construction, that the provisions of the new law, so far as they are the same as those of the former law, are to be construed as a continuation of such provisions and not as new enactments. But we cannot see the application in this case, for the reason that the new law in respect to the time in which the said affidavit is required to be filed, in two years from the date of filing of the mortgage, is materially different from that of the former law, which, as to that matter, necessarily stands repealed. It would be illogical to say that a repealing law continued in force provisions materially different from those in the law repealed. If the act in question was retrospective, the plaintiff had ample time for filing his affidavit within two years from the time the mortgage

was filed and prior to the date of the conversion of the mortgaged property by defendants.

But the statute in question was not retrospective. There is no expression in the act that the Legislature intended it to have that effect and its language admits of a different construction. "Statutes are uniformly held to operate prospectively only, unless the intention of the Legislature is clearly expressed that they shall act retrospectively, or unless the language of the law admits of no other construction." [Reed v. Swan, 133 Mo. 100; Petring v. Land & Cattle Co., 111 Mo. App. 373; Singer Mfg. Co. v. Shull, 74 Mo. App. 486; State v. Hays, 52 Mo. 578.]

A statute requiring conditional sales of personal property to be acknowledged and filed for record did not apply to sales made before the passage of the act. [Kingsland v. Culp, 85 Mo. 548.]

The act of 1893 repealing section 4246, as it existed at the date of the making and filing for record of plaintiff's mortgage, did not affect the rights, obligations and duties of the parties to the instruments, for the reason that the rule of construction mentioned provided that all repealing laws should be so construed. There being no expression in the repealing act to the contrary, we think the general rule for construction being read into and as a part of the same, shows clearly that it was the intention of the Legislature to make the act prospective only. In accordance with the foregoing views, the cause is reversed. All concur.