GILSONITE CONSTRUCTION COMPANY, Respondent, v. ROSALIE GREFFET, Appellant.

**St. Louis Court of Appeals, May 6, 1913.**

1. **STATUTES: Construction: Retrospective Operation.** Statutes should be construed as prospective in intention and application, unless their language clearly calls for retrospective operation.

2. ———: ———: ———. Even remedial statutes are not allowed a retrospective operation when they create an additional disability or otherwise impair vested rights.

3. **SPECIAL TAX BILLS: Notice of Suit: Requirements: Statutes: Construction.** Sec. 9848, R. S. 1909, provides that, whenever any suit shall be commenced to enforce the lien of a special taxbill in cities having over 300,000 population, the plaintiff, within ten days after commencing it, shall file with the city comptroller a written notice stating when and in what court the suit has been brought. Section 9849 provides that such liens shall cease in two years after the taxbill shall have become due and payable, unless suit shall have been brought thereon and notice given and filed within that time as required by section 9848. *Held,* that, although these statutes affect the remedy merely, yet as the two-year period prescribed, after which the lien is to terminate, is not a mere statute of repose but a limit to the existence of the lien, the requirement of notice creates an additional burden on the plaintiff and a failure to comply therewith constitutes a new defense available to the defendant, in actions on taxbills, and hence the statute should not be given a retroactive effect so as to apply to taxbills issued prior to its adoption.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

AFFIRMED.

*Kinealy & Kinealy* for appellant.

(1) The requirement of section 9848 of the Revised Statutes as to filing notice of suit with the city comptroller is mandatory and therefore the court erred in giving plaintiff's first instruction and in refusing defendant's first two instructions. 36 Cyc. 1157, title Statutes; Hope v. Flentge, 140 Mo. 401; Horsfall v. School District, 143 Mo. App. 541. (2) This statute effects the remedy merely and therefore it applies to this case and the court erred in giving plaintiff's second instruction. Clark v. Railroad, 219 Mo. 524; Gibson v. Railroad, 225 Mo. 473; St. Louis v. Calhoun, 222 Mo. 44; Daggs v. Insurance Co., 136 Mo. 382; O'Bryan v. Allen, 108 Mo. 227; Zellars v. Surety Co., 210 Mo. 86.

*Edward C. Kehr* for respondent.

The Act of June 1, 1909, imposes an additional burden on the holder of a special tax bill, namely, the obligation to file a notice with the comptroller; but remedial laws are not allowed a retrospective operation when they create an additional disability or new defense or otherwise impair vested rights. Petring v. Rand & C. Co., 111 Mo. App. 377; Manwaring v. Mo. L. & M. Co., 200 Mo. 733.

NORTONI, J.—This is a suit on five separate special tax bills declared upon in as many separate counts of the petition. Plaintiff recovered and defendant prosecutes the appeal.

The special tax bills were issued to plaintiff against five separate lots owned by defendant on account of the construction of a sidewalk in front of such lots in the city of St. Louis. The tax bills were issued December 17, 1907, under the provisions of the charter of the city of St. Louis, which prescribed the lien

of the tax bills should expire if not sued upon within two years from their date. Notice of the issuance of the tax bills and demand was duly made on the defendant owner of the property. After the tax bills were issued and after the notice thereof was served and demand made on the defendant, the Legislature contributed the following two sections to our statutory law:

"Whenever any suit shall be commenced in any city of this State now having, or which may hereafter have a population of three hundred thousand or more inhabitants, on any special tax bill to enforce the payment or the lien thereof, the party or parties plaintiff shall, within ten days after the commencement of such suit, file with the comptroller or other officer of such city, in whose office the record of such special tax bills is required to be kept, a written notice setting forth when and in which court such suit was brought; and the comptroller or such other officer shall immediately note such facts on the record of such tax bill." [Sec. 9848, R. S. 1909.]

"The lien of every such tax bill shall cease, end and determine in two years after said tax bill, or the last installment thereof, if the same be payable in installments, shall have become due and payable, unless suit shall have been brought on such tax bill, and notice of such suit, as hereinbefore required, shall have been given and filed within that time. If within said time no such suit was brought, or if within said time no such notice of suit shall have been filed, the tax bill shall be presumed to have been paid, and the comptroller, or other proper officer, shall make an appropriate entry on the record of the tax bill in his office that the lien thereof has expired by lapse of time." [Sec. 9849, R. S. 1909.]

This suit was instituted on the several tax bills, December 16, 1909, or one day before the expiration of the limitation period prescribed in the city charter

with respect to the lien.   Though plaintiff instituted the suit within the time limit prescribed to preserve the lien, it omitted to file the notice thereof with the comptroller of the city of St. Louis in accordance with the statutes above copied.   By the answer defendant pleads this fact and defends on the ground alone that the notice of the filing of the suit required by sections 9848 and 9849, Revised Statutes 1909, was not filed with the comptroller within the time prescribed therein. The court gave judgment for plaintiff on the tax bills and a special judgment against the properties enforcing their liens as though the statutes above copied are unavailing in defense of the instant suit.

It is argued here these statutes go to the remedy only and that it is therefore competent for the Legislature to enact them and impose an additional burden upon the plaintiff, even though the enactment was subsequent to the date the tax bills were issued and the notice thereof and demand on defendant owner: But we are not so persuaded.   It is to be noted that section 9848 is merely directory, in so far as it requires a plaintff in a suit on the bill to file with the comptroller, within ten days after the commencement of the suit, a written notice setting forth the fact of the suit and the court in which it is instituted, which facts the comptroller must immediately note in the proper record.   The succeeding section (9849) prescribes the same period of time in which the lien of the tax bills here involved would expire, for they were not payable in installments.   Such period would expire two years after the issuance of the tax bills to plaintiff.   But by the provisions of this section the lien of the tax bills would "cease, end and determine" at the expiration of the two-year period, "unless suit shall have been brought on such tax bill, and notice of such suit, as hereinbefore required, shall have been given and filed within that time.   It appears from this requirement of the statute that an additional burden is cast upon

plaintiff, the holder of the tax bill, which was outstanding at the time the statute was enacted, requiring him to file the notice with the comptroller, in addition to instituting the suit on the tax bill during the two-year period. By the subsequent provision of the same section, the statute declares that if the suit is not brought and the notice filed within the prescribed time, the tax bill shall be presumed to have been paid and the lien thereof to have expired by lapse of time.

Though it be that these statutes affect the remedy merely, the two-year period prescribed in the charter, after which the lien is to terminate, is regarded, not as a mere statute of repose to bar actions, but rather as a limit to the existence of the lien, and, therefore, unless suit is instituted and, according to the new statute above quoted (Sec. 9849), notice of the suit filed with the comptroller within that time, such lien expires and may not be revived and enforced against the interests of the owner of the land. [Smith v. Barrett, 41 Mo. App. 460; Granite Bituminous Pav. Co. v. Parkview R. Co., 168 Mo. App. 468, 151 S. W. 479, 484.] Obviously the requirement of the statute to file the notice of suit with the comptroller within that time imposed an additional burden upon plaintiff and purports to create a new defense available to defendant.

It is the established rule for the interpretation of legislative acts that they shall be construed as prospective in intention and application and not retrospective, unless their language clearly calls for retroactive operation. [See State ex rel. v. Dirckx, 211 Mo. 568, 577, 111 S. W. 1; Petring v. Current River Land & Cattle Co., 111 Mo. App. 373, 376, 85 S. W. 933.] We find nothing in the words or the manifest intention of the two sections of the statute copied which clearly signify that it was contemplated they should have a retroactive effect upon tax bills then issued and outstanding or be utilized to defeat the liens

of such bills which would expire at the termination of two years from their issue. Moreover, even remedial laws are not allowed a retrospective operation when they create an additional disability or new defense or otherwise impair vested rights. [Petring v. Current River Land & Cattle Co., 111 Mo. App. 373, 377, 85 S. W. 933.] It may be that plaintiff is without a vested right in the limitation period prescribed by the charter, but be that as it may, it is clear that the statutes above set out, when considered together, if applicable at all, impose an additional burden upon him and create an additional defense against his lien. This may not be allowed even as within the purview of remedial legislation. The statutes should be regarded as ineffective in so far as the tax bills in suit are concerned. The judgment should, therefore, be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.