**Vito POLLOCK, a minor, by and through his mother and next friend Angela Pollock, Plaintiff–Appellant,**

v.

**HIGHLANDS RANCH COMMUNITY AS-SOCIATION, INC., and Bud Harper, an employee of Highlands Ranch Community Association, Inc., Defendants–Appellees.**

No. 05CA1331.

Colorado Court of Appeals, Div. V.

June 15, 2006.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

Kathryn A. Lincoln, Jacqueline M. Schneider, Littleton, Colorado, for Plaintiff–Appellant.

Burg Simpson Eldredge Hersh & Jardine, P.C., Peter W. Burg, Diane Vaksdal Smith, Steven D. Laman, Englewood, Colorado, for Defendants–Appellees.

Opinion by Judge WEBB.

In this negligence action, plaintiff, Vito Pollock, through his mother and next friend, Angela Pollock, appeals the summary judgment entered in favor of defendants, Highlands Ranch Community Association, Inc., and its employee, Bud Harper. We reverse and remand with instructions to reinstate plaintiff's complaint.

On January 8, 2004, plaintiff commenced this action seeking damages for personal injuries sustained in a fall from a rock climbing wall at the association's recreational facility. The fall occurred on January 10, 2002, when plaintiff was nine years old.

Defendants moved for summary judgment based on a "Waiver, Release, Covenant not to Sue, and Indemnity Agreement" that plaintiff's mother had signed on his behalf on February 7, 1998. Defendants argued that the release was valid under § 13–22–107, C.R.S.2005, which became effective on May 14, 2003, and generally allows parents prospectively to waive negligence claims—but not claims involving willful, wanton, reckless, or grossly negligent conduct—on behalf of

their children. Section 13–22–107 legislatively overruled the supreme court's decision in *Cooper v. Aspen Skiing Co.*, 48 P.3d 1229 (Colo.2002) (holding that public policy in Colorado precluded a parent or guardian from prospectively releasing a minor's negligence claim).

Before the trial court ruled on defendants' motion, plaintiff filed a "Motion to Amend Complaint in the Event Summary Judgment is Granted." Attached to the motion was a proposed amended complaint that included additional claims for gross negligence and willful and wanton conduct, which would not be waivable under § 13–22–107.

The trial court granted summary judgment in favor of defendants, concluding that the release was valid under § 13–22–107. In the same order, the court granted plaintiff leave to file the amended complaint.

Plaintiff then sought C.R.C.P. 54(b) certification of the summary judgment order. Defendants argued in opposition that the summary judgment ruling had disposed of plaintiff's negligence claim and plaintiff could appeal that ruling once the new claims were resolved. The trial court denied certification, noting that the new claims pleaded in the amended complaint were still pending.

Later, the parties filed a stipulated motion seeking dismissal of the amended complaint under C.R.C.P. 41(a)(1)(B) on the basis that plaintiff did not wish to proceed with his new claims but rather desired to appeal dismissal of the original negligence claims. The trial court granted that motion, and plaintiff commenced this appeal.

## I.

Initially, we reject defendants' assertion that this appeal has been rendered moot by plaintiff's filing and subsequent dismissal of the amended complaint.

■ The filing of an amended complaint ordinarily supersedes the original complaint. *In re Marriage of Lockwood*, 857 P.2d 557 (Colo.App.1993). As a consequence, where a plaintiff does not immediately appeal the dismissal of an original complaint and instead files an amended complaint, any error in dismissing the original complaint is waived.

*Lorenz v. City of Littleton*, 38 Colo.App. 16, 550 P.2d 884 (1976); *Ireland v. Wynkoop*, 36 Colo.App. 205, 539 P.2d 1349 (1975).

But here, the intent of plaintiff's conditional motion to amend was to allow plaintiff to proceed via the amended complaint only as to the new claims that were not subject to § 13–22–107. Defendants acknowledged this intent when, in opposing plaintiff's motion for C.R.C.P. 54(b) certification, they stated that plaintiff's ordinary negligence claims had been disposed of by the summary judgment ruling which plaintiff could appeal once the new claims were resolved. Moreover, the joint stipulated motion for dismissal provided, in relevant part, "Plaintiff does not desire at this time, to proceed with his amended claims against Defendants, but only to proceed with his appellate rights concerning his original complaint."

■ Under these circumstances, we conclude that defendants' position below precludes them from asserting on appeal that the propriety of the summary judgment became moot when plaintiff filed the amended complaint. *See Schmidt Constr. Co. v. Becker–Johnson Corp.*, 817 P.2d 625 (Colo.App.1991)(appellee equitably estopped from arguing that appellant's appeal had become moot where appellee accepted and negotiated payment in connection with which appellant reserved its right to appeal); *see also NationsBank v. Conifer Asset Mgmt. Ltd.*, 928 P.2d 760 (Colo.App.1996) (declining to invoke mootness doctrine based on considerations of equitable estoppel and discretionary aspect of mootness determination).

## II.

■ Plaintiff contends the trial court erred in concluding that the release barred his ordinary negligence claims. Specifically, he asserts that the trial court improperly applied § 13–22–107 retroactively to the release because that statute did not become effective until after his cause of action had accrued. We agree.

■ Absent express legislative intent to the contrary, a statute is presumed to operate only prospectively. *In re Estate of De-*

*Witt,* 54 P.3d 849 (Colo.2002); *Powell v. City of Colorado Springs,* 131 P.3d 1129 (Colo. App.2005) *(cert. granted* Apr. 10, 2006); *see also* § 24202, C.R.S.2005 (a statute is presumed to be prospective in its operation. To overcome this presumption, a statute must clearly reveal a legislative intent that it be applied retroactively. *Ficarra v. Dep't of Regulatory Agencies,* 849 P.2d 6 (Colo.1993).

Here, the language of § 13–22–107 does not reflect any legislative intent, much less a clear intent, to apply it retroactively. Indeed, defendants do not argue that the General Assembly intended that the statute be applied retroactively. Instead, they argue that the trial court applied § 13–22–107 only prospectively because the statute was effective when plaintiff filed his complaint. We are not persuaded.

■ Mere retroactive application of a statute to effect a procedural or remedial change does not violate Colo. Const. art. II, § 11 ("No ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation ... shall be passed by the general assembly.").

■ Retroactive application of a law is improperly retrospective if it takes away or impairs vested rights acquired under existing laws, creates a new obligation, imposes a new duty, or attaches a new disability with respect to transactions or considerations already past. *See Trailer Haven MHP, LLC v. City of Aurora,* 81 P.3d 1132 (Colo.App. 2003).

■ Whether application of a statute is merely retroactive or impermissibly retrospective depends on whether the plaintiff's claim for relief had accrued before the effective date of that statute. *See Bush v. Roche Constructors, Inc.,* 817 P.2d 608 (Colo.App. 1991); *Rowe v. Tucker,* 38 Colo.App. 532, 560 P.2d 843 (1977)(while statute is not retrospectively applied merely because it operates on antecedent facts, it is so applied if its application would deprive a party of accrued rights, which, for these purposes, means rights that were accrued when litigation could first have been successfully maintained); *Tucker v. Claimants in re Death of*

*Gonzales,* 37 Colo.App. 252, 546 P.2d 1271 (1975).

Here, defendants do not dispute that plaintiff's cause of action, if any, accrued on or about January 10, 2002, the date of his injury. *See* § 13–80–108(1), C.R.S.2005 (cause of action for injury to person accrues on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence). Because this accrual date was well before the May 14, 2003, effective date of § 13–22–107, we conclude that the trial court wrongly applied the statute retrospectively. *See Bush v. Roche Constructors, Inc., supra.*

■ Nevertheless, defendants argue that the trial court's application of § 13–22–107 was not impermissibly retrospective because the statute is merely "procedural" or "remedial" rather than substantive. We are not persuaded.

■ For purposes of retrospectivity analysis, substantive statutes involve the creation, elimination, or modification of vested rights or liabilities, while procedural statutes relate only to remedies or procedures to enforce such rights or liabilities. *Am. Comp. Ins. Co. v. McBride,* 107 P.3d 973 (Colo.App. 2004); *see also In re Estate of DeWitt, supra.*

Here, contrary to defendants' assertion, § 13–22–107 did not merely abolish an old remedy or procedure and replace it with a new one. Rather, the statute recognizes a substantive defense to negligence claims that often will operate as a complete bar to relief. Thus, for purposes of retrospectivity analysis, § 13–22–107 is substantive rather than remedial or procedural. *See In re Estate of Moring v. Colo. Dep't of Health Care Policy & Fin.,* 24 P.3d 642 (Colo.App.2001); *see also Gilsonite Constr. Co. v. Greffet,* 174 Mo.App. 176, 156 S.W. 765 (1913) (even remedial laws are not allowed a retrospective operation when they create an additional disability or new defense or otherwise impair vested rights).

Accordingly, we conclude that the trial court erred in applying § 13–22–107 retrospectively to the release. *See Eight Thousand W. Corp. v. Stewart,* 37 Colo.App. 372,

546 P.2d 1281 (1976); *see also Irvine v. Salt Lake County*, 785 P.2d 411 (Utah 1989)(statutory amendment establishing defense of governmental immunity for flood control activities could not be applied retroactively to bar cause of action that had already arisen when amendment went into effect).

### III.

Alternatively, defendants argue that, even if the trial court erred in applying § 13–22–107 retrospectively, the release still barred plaintiff's negligence claims because the law in effect as of January 10, 2002, when plaintiff's cause of action accrued, allowed for such releases. We disagree.

### A.

Defendants' reliance on *Jones v. Dressel*, 623 P.2d 370 (Colo.1981), and *Barker v. Colorado Region–Sports Car Club, Inc.*, 35 Colo. App. 73, 532 P.2d 372 (1974), is misplaced.

Both *Jones* and *Barker* merely address the general validity of releases and exculpatory agreements. Although *Jones* states in a footnote that "the approval by a parent does not necessarily validate an infant child's contract," *Jones, supra*, 623 P.2d at 372 n. 1, neither case specifically resolves the dispositive question here whether a parent or guardian may prospectively release a child's cause of action on the child's behalf.

### B.

Defendants also note that when plaintiff's cause of action accrued, the supreme court had not yet decided *Cooper v. Aspen Skiing Co., supra*. Thus, they argue that the rule announced in *Cooper* does not apply retroactively to plaintiff's claims. We are not persuaded.

■ Although statutes generally operate prospectively, judicial decisions are usually applied retroactively. *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100 (Colo.1992); *see also Jaimes v. State Farm Mut. Auto. Ins. Co.*, 53 P.3d 743 (Colo.App.2002).

■ To determine whether a judicial decision should, contrary to the general rule, be given only prospective effect, we apply a three-part test. First, the decision must establish a new principle of law, by either overruling clear past precedent on which litigants may have relied or deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, the merits of each case must be weighed by looking to the purpose and effect of the rule in question and whether retrospective operation will further or retard its operation. Third, the inequity imposed by retroactive application must be weighed to avoid injustice or hardship. *See Marinez v. Indus. Comm'n*, 746 P.2d 552 (Colo.1987) (citing *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)); *People in Interest of C.A.K.*, 652 P.2d 603 (Colo.1982); *see also Martin Marietta Corp. v. Lorenz, supra*.

■ Under the *Chevron* test, *Cooper* should not be limited to prospective application.

First, *Cooper* did not overrule past precedent on which the litigants may have relied. While the court acknowledged that it had "never specifically addressed whether a parent or guardian may release a child's cause of action on his behalf," *Cooper v. Aspen Skiing Co., supra*, 48 P.3d at 1232, the decision suggests that the rule invalidating such parental releases was foreshadowed under then existing law. The supreme court relied on numerous statutes and decisions that it described as reflecting Colorado's "overarching policy to protect minors" and "ongoing commitment to afford minors significant safeguards from harm." And it also noted that its ruling comported "with the vast majority of courts that have decided the issue" in other jurisdictions. *Cooper v. Aspen Skiing Co., supra*, 48 P.3d at 1233–35.

Nor are we persuaded that the second and third *Chevron* factors weigh strongly against the general rule of retroactive application. Retroactive application of *Cooper* would further the rule announced therein, although only as to an ever-decreasing number of claims that accrued before the effective date of § 13–22–107. Moreover, defendants have presented no reason why applying *Cooper* to this case would be inherently inequitable.

Accordingly, we conclude that *Cooper* reflected Colorado law when plaintiff's cause of action accrued in January 2002. Indeed, we note that *Cooper* must have described the state of the law in Colorado going at least as far back as 1995, when the release in that case had been executed. As indicated, the release at issue here had been signed in 1998.

The judgment is reversed, and the case is remanded to the trial court for reinstatement of plaintiff's complaint and for further proceedings consistent with this opinion.

Judge DAILEY and Judge LOEB concur.