496 P.2d 1062 (1972)
Henry S. KIZER et al., Plaintiffs-Appellees,
v.
Paul C. BECK, as Mayor, et al., Defendants-Appellants.
No. 71-220.
Colorado Court of Appeals, Div. I.
April 25, 1972.
William Pehr, Westminster, for plaintiffs-appellees.
Leland M. Coulter, Richard Kaufman, Aurora, for defendants-appellants.
Selected for Official Publication.
PIERCE, Judge.
Plaintiffs filed an application for the rezoning of real property located in the City of Aurora. Their application was considered at a public meeting of the City Planning Commission which recommended denial of the application. Plaintiffs' application was subsequently considered at a regular meeting of the City Council and the application was denied. Plaintiffs thereafter filed a petition, in the nature of a writ of certiorari under C.R.C.P. 106(a) (4), to show cause why the requested rezoning should not be granted. Defendants' (hereinafter called "the city") motion to dismiss was denied.
After a full hearing, the district court found that the grounds used in denying the requested rezoning were improper and that failure to rezone constituted an abuse of discretion. The city was ordered to rezone the subject property pursuant to plaintiffs' application.

I.
The first question presented is: Was the city entitled to a dismissal on the ground that certiorari is not available for review of a legislative act?
The city's argument follows these steps: (1) Our Supreme Court has repeatedly stated that zoning and rezoning are legislative matters. Wright v. City of Littleton, Colo., 483 P.2d 953; Orth v. Board of County Commissioners, 158 Colo. 540, 408 P.2d 974; Baum v. City and County of Denver, 147 Colo. 104, 363 P.2d 688; Frankel v. City & County of Denver, 147 Colo. 373, 363 P.2d 1063; Nelson v. Farr, 143 Colo. 423, 354 P.2d 163.
(2) C.R.C.P. 106(a) (4) provides, in pertinent part, that a proceeding in the nature of certiorari is available under the rule:
"Where an inferior tribunal (whether court, board, commission or officer) exercising *1063 judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy."
(3) From the explicit wording of the rule, certiorari will not apply for review of the propriety of legislative action. See Smith v. Waymire, 29 Colo.App. 544, 487 P.2d 599.
(4) Although plaintiffs cite Colorado authority where constitutional challenges to zoning ordinances were decided in actions brought under Rule 106 (e. g., Wright v. City of Littleton, supra), these cases were decided on the basis of the constitutional questions and not on the applicability of Rule 106 as an available vehicle for the review of a rezoning decision by a city council.
The principles set forth by the city apply to many of the administrative and purely legislative functions of a legislative body, but they do not apply in situations where the final determination of the governing body is reached through quasi-judicial procedure.
The City of Aurora has set the standards and procedures for considering rezoning. City Code of the City of Aurora, 8-3-1.2 and 8-3-2 provide, in pertinent part:
"(G) Public hearing required: No rezoning application shall be considered by the Planning Commission and no ordinance rezoning any property shall become effective until after a public hearing before the Planning Commission in relation thereto at which parties in interest and citizens shall have an opportunity to be heard.
"(H) Council Action: The city council shall, within sixty (60) days following consideration and a recommendation by the Planning Commission, consider the zoning change. In case of a recommendation for disapproval the Planning Commission shall communicate its reasons to Council, which shall have the power to overrule such recommendation for disapproval by a recorded vote of not less than two-thirds (2/3rds) of its entire membership. In case of a protest against such zoning changes signed by the owners of twenty per cent (20%) or more, either of the area of the lots included in such proposed change or of those immediately adjacent to the side and in the rear thereof extending one hundred feet (100') therefrom or of those directly opposite thereto extending one hundred feet (100') from the street frontage of such opposite lots, such zoning change shall not become effective except by the favorable vote of two-thirds (2/3rds) of the entire membership of council.
"(I) Basis for Approval: The Planning Commission and City Council shall give consideration to and satisfy themselves to the following:
1. That a need exists for the proposal;
2. That there is a justification for a change of zone;
3. That this particular parcel of ground is indeed the correct site for the proposed development;
4. That there has been an error in the original zoning;
5. That there have been significant changes in the area to warrant a rezoning;
6. That adequate circulation exists and traffic movement would not be impeded by development; and,
7. That additional municipal service costs will not be incurred which the city is not prepared to meet.
"8-3-2: Notices of Public Hearing: Not less than fifteen (15) days' notice of the time and place of the public hearing before the Planning Commission shall be given by publication at least one (1) time in the official newspaper of the city.. . ."
It is our view that this ordinance has established a quasi-judicial procedure by: (1) providing for notice and hearing; and (2) setting forth the criteria to be taken into account by the Commission in arriving *1064 at its decision. See Englewood v. Daily, 158 Colo. 356, 407 P.2d 325, which states:
"Courts have mentioned several methods by which a distinction is drawn between a ministerial or legislative act on the one hand, and a quasi-judicial act on the other. The most common test is to determine whether the function under consideration involves the exercise of discretion and requires notice and hearing. If these elements are present the `finding' is generally a quasi-judicial act; if any of them are absent it is generally an administrative act. (Citing Cases.)"
We must conclude that the quasi-judicial determination made by the Commission is binding upon the City Council and will automatically be enacted into ordinance unless vetoed by the council in the restricted instances set forth in the ordinance.
There being no plain, speedy and adequate remedy available to plaintiffs, we hold that the alleged abuse of discretion by the Commission is reviewable under Rule 106.

II.
The remaining question to be answered is: Did the trial court properly find an abuse of discretion in the decision reached by the Planning Commission and in its adoption by the City Council?
We must answer this question in the negative. It is the law in Colorado that a determination by a quasi-judicial body is not arbitrary or capricious and thus not an abuse of discretion where it is supported by substantial competent evidence, and it will be affirmed on review. Baum v. City and County of Denver, supra. It is apparent from the record herein that one of the grounds upon which the Planning Commission's determination was based was that there had been no "significant changes in the area to warrant a rezoning." City Code of the City of Aurora, 8-3-1.2(I) (5). We have reviewed the transcript of the hearing before the Planning Commission, together with related exhibits, and we find that the Commission's determination is supported by substantial competent evidence. We therefore conclude that the trial court erred in finding that the Planning Commission and City Council acted unreasonably, arbitrarily, or abused its discretion.
Judgment reversed.
SILVERSTEIN, C. J., and DWYER, J., concur.