MR. JUSTICE KELLEY
delivered the opinion of the Court.
This is an appeal by the City of Lakewood, the members of its City Council (City) and the West Alameda Community Baptist Church *423 (Church) from a declaratory judgment of the district court declaring invalid an ordinance rezoning certain Church property from “residential-one” to “restricted commercial.” Plaintiffs-appellees, constituting approxiately 90% of the homeowners and residents within a three-block area to the North and East of the subject property, challenged the rezoning ordinance by instituting a proceeding under C.R.C.P. 106(a)(4), and included in their complaint a claim for declaratory and injunctive relief. The City and the Church assert that the district court lacked jurisdiction to entertain an action for declaratory and injunctive relief in this case. We agree and reverse the district court.
On March 12, 1973, the City Council conducted a public hearing on the rezoning application of the Church pursuant to the statutory notice and hearing requirements. Sections 31-23-204, 205, C.R.S. 1973. Numerous persons, in support of the application, testified as representatives of religious and civic organizations as to the necessity for low and moderate income housing, particularly for the aged. The plaintiffs-appellees (protestors) had lodged a legal protest prior to the hearing and also were given an opportunity to address the rezoning controversy. At the hearing, counsel for the protestors stated:
“[There is] no showing that there is any change in conditions in this area....”
“There is no legal basis for rezoning.. ..”
“This rezoning is improper, that it would be bad precedent, that it constitutes an invasion of their rights, that it is spot zoning, that in every instance it is not good.”
Nevertheless, the City Council by a vote of 9 - 1 passed the rezoning ordinance, overruling the recommendation of the City Planning Commission that the rezoning application be denied.[1]
On May 18, 1973, some 67 days after passage of the ordinance, the protestors filed their complaint in district court, which was dismissed for failure to join the Church, an indispensable party. The protestors thereupon joined the Church in their amended complaint, filed on September 24, 1973, which was substantially identical to the original complaint as being a claim for review under Rule 106(a)(4) and for declaratory and injunctive relief.
The complaint contained the allegation that the rezoning was spot-zoning and not in conformity with the comprehensive plan as required by statute; that in rezoning, the Council was acting in an “arbitrary, capricious, unreasonable, and improper manner”; and that the ordinance was “void and an improper exercise of the police power.”
The district court dismissed the claim for Rule 106(a)(4) review because it was not timely filed within 30 days of the enactment of the ordi *424 nance, C.R.C.P. 106(b). On the other hand, it granted the protestors a trial de novo to the court on the claims for declaratory and injunctive relief.
After considering the evidence, which consisted solely of the transcripts of testimony before the Planning Commission and City Council, the district judge on May 22, 1974, found the rezoning ordinance to be unsupported by evidence of a change in the character of the neighborhood, “not in conformity with the comprehensive master plan,” “an improper exercise of the City’s police power,” and therefore “unreasonable,” “unconstitutional,” and “invalid.” The City and the Church filed a petition for rehearing on June 3, 1974, which was denied. They then filed their Notice of Appeal on June 26, 1974.
I.
In Colorado the validity of zoning ordinances has been challenged by certiorari review under Rule 106(a)(4), Colby v. Board of Adjustment, 81 Colo. 344, 255 P. 443 (1927), and declaratory relief under Rule 57. Baum v. Denver, 147 Colo. 104, 363 P.2d 688 (1961). On occasion, these forms of relief have been pursued simultaneously. Ford Leasing Development Co. v. Board of County Commissioners, 186 Colo. 418, 528 P.2d 237 (1974).
The basis of the analytical distinction in prior zoning cases between the propriety of certiorari review or declaratory relief turned on the characterization of the relief sought by the parties. However, the proper scope of a Rule 106(a).(4) review in zoning cases has not been previously delineated by this court and this issue has been a source of confusion among the district courts of the state. We believe a closer analysis of the type and nature of governmental proceeding involved in enacting a zoning and rezoning ordinance will yield a better reasoned rule to govern the use of certiorari review.
Rule 106(a)(4) provides in pertinent part that certiorari review may be obtained:
“Where an inferior tribunal (whether court, board, commission or officer) exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy. . . . Review shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion.”
Although our early decisions viewed the enactment of rezoning ordinances as a legislative function, [2] the more recent decisions have held such activity to be a quasi-judicial function and reviewable under Rule 106(a)(4).[3] *425 In so doing, we have distinguished between the adjudicative process involved in enacting a rezoning ordinance and the legislative process involved in passing the general zoning ordinance. This distinction was concisely drawn by the Supreme Court of Washington in Fleming v. Tacoma, 81 Wash.2d 292, 502 P.2d 327 (1972):
“Generally, when a municipal legislative body enacts a comprehensive plan and zoning code it acts in a policy making capacity. But in amending a zoning code, or reclassifying land thereunder, the same body, in effect, makes an adjudication between the rights sought by the proponents and those claimed by the opponents of the zoning change. The parties whose interests are affected are readily identifiable. Although important questions of public policy may permeate a zoning amendment, the decision has a far greater impact on one group of citizens than on the public generally.
“Another feature of zoning amendment decisions, which distinguishes them from other types of legislative action, is their localized applicability. Other municipal ordinances which affect particular groups or individuals more than the public at large apply throughout an entire geographic area within the municipal jurisdiction, whereas ordinances that amend zoning codes or reclassify land thereunder apply only to the immediate area being rezoned.
“Finally, legislative hearings are generally discretionary with the body conducting them, whereas zoning hearings are required by statute, charter, or ordinance. The fact that these hearings are required is itself recognition of the fact that the decision making process must be more sensitive to the rights of the individual citizen involved.”
In order to support a finding that the action of a municipal legislative body is quasi-judicial, all of the following factors must exist: (1) a state or local law requiring that the body give adequate notice to" the community before acting; (2) a state or local law requiring that the body conduct a public hearing, pursuant to notice, at which time concerned citizens must be given an opportunity to be heard and present evidence; and (3) a state or local law requiring the body to make a determination by applying the facts of a specific case to certain criteria established by law. Colorado Springs v. District Court, 184 Colo. 177, 519 P.2d 325 (1974); Dillon Companies, Inc. v. Boulder, 183 Colo. 117, 515 P.2d 627 (1973); Orchard Court Development Co. v. Boulder, 182 Colo. 361, 513 P.2d 199 (1973); Englewood v. Daily, 158 Colo. 356, 407 P.2d 325 (1965); Kizer v. Beck, 30 Colo. App. 569, 496 P.2d 1062 (1972).
The City of Lakewood is a “statutory” city and is governed by the Colorado zoning statutes, section 31-23-201, et seq., C.R.S. 1973, as well as its municipal code. The statute allows municipalities to amend their general zoning ordinance but only after a public hearing is conducted of which the public must be given at least 15 days’ notice in a newspaper of general circulation in the municipality. Sections 31-23-204, 205, C.R.S. *426 1973. Further, the statutes grant the power to zone “for the purpose of promoting health, safety, morals, or the general welfare of the community,” section 31-23-201, C.R.S. 1973, and declare the specific criteria to be employed in all zoning decisions:
“Such regulations shall be made in accordance with a comprehensive plan and designed to lessen congestion in the streets; to secure safety from fire, panic, floodwaters, and other dangers; to promote health and general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks, and other public requirements. Such regulations shall be made with reasonable considerations, among other things, as to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such municipality.”
Therefore, in the present case, the enactment of a rezoning ordinance pursuant to the statutory criteria, after notice and a public hearing, constituted a quasi-judicial function subject to certiorari review. This rule is in accord with the modern trend in zoning law. See e.g., West v. City of Portage, 392 Mich. 458, 221 N.W.2d 303 (1974); Fasano v. Board of County Comm’rs, 264 Ore. 574, 507 P.2d 23 (1973); Fleming v. Tacoma, supra; R. Anderson, American Law of Zoning § 21.04; E. McQuillan, Municipal Corporations § 25.286(b) (1965 ed.); Comment, Judicial Zoning Amendments — The Product of Judicial or Quasi-Judicial Action, 33 Ohio St.L.J. 130 (1972); Freilich, Fasano v. Board of County Commissioners of Washington County: Is Rezoning an Administrative or Legislative Function? 6 Urban Lawyer vii (1974).
II.
We now consider the proper use of Rule 106(a)(4) in reviewing the granting or denial of rezoning determinations by zoning authorities. We have permitted declaratory relief of zoning matters not reviewable by certiorari. Ford Leasing Development Co. v. Board of County Commissioners, 186 Colo. 418, 528 P.2d 237 (1974); Board of County Commissioners v. Simmons, 177 Colo. 347, 494 P.2d 85 (1972); Morris v. Board of County Commissioners, 150 Colo. 33, 370 P.2d 438 (1962); Baum v. Denver, supra; Regennitter v. Fowler, 132 Colo. 489, 290 P.2d 223 (1955). In each of these cases, except Regennitter, we held that a declaratory judgment was the proper remedy where the general zoning ordinance was being constitutionally attacked as applied to the challenger’s land. Under the earlier rule in Colorado which held that municipal legislative action in rezoning cases was legislative, and therefore not reviewable by certiorari, the only way to secure review of a rezoning determination was by challenging the constitutionality of the entire general zoning ordinance as applied to specific property. In such a circumstance, although the challenge was directed to the specific application of the general zoning ordinance, the real challenge was aimed at the action in denying or granting *427 the rezoning. However, as the law now exists, the action of the Lakewood City Council in enacting the rezoning ordinance was quasi-judicial and may be directly attacked by certiorari. The Regennitter case involved the challenge of a variance granted without the notice and hearing required by statute. The court recognized that the review of the record would be inadequate to provide the challengers with an effective remedy, and therefore held that a trial de novo under a declaratory judgment would be required.
The result of the line of reasoning outlined in the above paragraph is that Rule 106(a)(4) is now an exclusive remedy to challenge a rezoning determination where the entire general zoning ordinance is not challenged and where a review of the record would be an adequate remedy. See State v. Saint Joseph Superior Court, 238 Ind. 88, 148 N.E.2d 558 (1958); East Chicago v. Sinclair Refining Co., 232 Ind. 295, 111 N.E.2d 459 (1953); South Bend v. Marckle, 215 Ind. 74, 18 N.E.2d 764 (1939). In so holding, we distinguish the scope of judicial review of a challenge to a general zoning ordinance and to a rezoning determination, and premise this distinction upon the different nature of the proceeding involved:
“Ordinances laying down general policies without regard to a specific piece of property are usually an exercise of legislative authority, are subject to limited review, and may only be attacked upon constitutional grounds for an arbitrary abuse of authority. On the other hand, a determination whether the permissible use of a specific piece of property should be changed is usually an exercise of judicial authority and its propriety is subject to an altogether different test.” Fasano v. Board of County Commissioners, supra.
The former involves “a general rule or policy which is applicable to an open class of individuals, interests, or situations” while the latter is concerned with “a general rule or policy [which is applicable] to specific individuals, interests, or situations.” Comment, Zoning Amendments — The Product of Judicial or Quasi-Judicial Action, supra.
In a challenge to a general zoning ordinance, the outcome turns on the exercise of the police power as bearing a reasonable relation to the public health, safety, morals or welfare, Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926) while the real issues involved in a rezoning case focus on the reasonableness of City Council’s application of the statutory criteria to the evidence presented. Clark v. Boulder, 146 Colo. 526, 362 P.2d 160 (1961). The determination of whether the Council reasonably applied the statutory criteria in exercising its statutory power to rezone involves a consideration of whether the Council abused its discretion or exceeded the bounds of its jurisdiction and is properly resolved in a certiorari proceeding under Rule 106(a)(4). See Holly, Inc. v. Commissioners, 140 Colo. 95, 342 P.2d 1032 (1959).
There is also an important public policy consideration in determining that certiorari is the exclusive remedy in rezoning determinations such as the one in this case. Where the concerned parties have notice of a public *428 hearing in which they may participate, it is not unfair to require that they litigate their challenge, be it constitutional or statutory, within the time limits established in Rule 106(b).
The present controversy has continued for over two years, the effect of which is that the surrounding landowners, the Church, the City and many other interested persons and organizations have been living under a cloud of uncertainty which is not compatible with modern comprehensive planning. The interests of all will be served if a challenger to a rezoning determination must prosecute all his causes in one certiorari action and bring it within 30 days of “final action” unless a statute or municipal ordinance provides otherwise. C.R.C.P. 106(b).
III.
The failure to bring a Rule 106(a)(4) proceeding within 30 days of the enactment of the Lakewood rezoning ordinance was a jurisdictional defect under C.R.C.P. 106(b).[4] Hidden Lake Development Co. v. District Court, 183 Colo. 168, 515 P.2d 632 (1973). The district court properly dismissed the original complaint, and erred in not dismissing the entire amended complaint. The time for pursuing the available remedy of certiorari had passed without an attempt of compliance. The protestors seek to accomplish by a declaratory judgment and an injunction what they can no longer accomplish directly under Rule 106(a)(4).
The judgment is reversed and the cause remanded to enter judgment consonant with the views expressed herein. The time for filing petitions for rehearing is reduced to ten days.
MR. JUSTICE ERICKSON does not participate.

The basis of the Commission’s recommendation was not the undesirability or lack of necessity of the rezoning, but rather that a blanket rezoning without use restriction would be bad precedent.

Orth v. Bd. of County Comm’rs, 158 Colo. 540, 408 P.2d 974 (1965); Huneke v. Glaspy, 155 Colo. 593, 396 P.2d 453 (1964); Frankel v. Denver, 147 Colo. 373, 363 P.2d 1063 (1961); Baum v. Denver, 147 Colo. 104, 363 P.2d 688 (1960).

Colorado Springs v. District Court, 184 Colo. 177, 519 P.2d 325 (1974); Dillon Companies, Inc. v. Boulder, 183 Colo. 117, 515 P.2d 627 (1973); Kizer v. Beck, 30 Colo. App. 569, 496 P. 2d 1062 (1972). See Ford Leasing Development Co. v. Bd. of County Comm’rs, 186 Colo. 418, 528 P.2d 237 (1974); Bd. of County Comm’rs v. Simmons, 177 Colo. 347, 494 P.2d 85 (1972).

The protestors argue that the mere passage of the rezoning ordinance was not “final action” commencing the 30-day time limitation of Rule 106(b), because the ordinance was not to be effective until the City Council approved the Church’s plat. It is the rezoning which is challenged here, not the approval of the plat. The time begins to run when the passage of the ordinance is complete. Hidden Lake Development Co. v. District Court, 183 Colo. 168, 515 P.2d 632 (1973). At that time, the right to Rule 106(a)(4) review accrued and the time limitation of Rule 106(b) began to run. Riedel v. Sheeran, 73 N.J. Super. 105, 179 A.2d 174 (1962).