550 P.2d 884 (1976)
Paul LORENZ, on behalf of himself and all other residents and property owners in the City of Littleton, Arapahoe County, State of Colorado, similarly situated, Plaintiff-Appellant,
v.
The CITY OF LITTLETON, a Municipal Corporation, Defendant-Appellee.
No. 75-706.
Colorado Court of Appeals, Div. I.
May 20, 1976.
*885 Michael J. Kudla, Longmont, for plaintiff-appellant.
Perry S. Nissler, Littleton, for defendant-appellee.
Selected for Official Publication.
COYTE, Judge.
Plaintiff, Paul Lorenz, appeals from the dismissal, on the ground of untimeliness, of his amended complaints seeking declaratory and injunctive relief and certiorari review pursuant to C.R.C.P. 106(a)(4).
On February 3, 1975, Lorenz filed his initial complaint seeking a declaratory judgment and injunctive relief against the named defendants, the City of Littleton (City), the City Council of Littleton (Council), and Varian and Carolyn Ashbaugh, residents of Littleton, on the ground that an ordinance enacted on January 7, 1975, amending the general zoning ordinance, resulted in arbitrary and unreasonable spot zoning and conferred a special privilege on defendants Ashbaughs' property. Both the Ashbaughs and the City filed a motion to dismiss, asserting that instead of the equitable relief prayed for by plaintiff under C.R.C.P. 57 and 65, he should have pursued an action for certiorari review under C.R.C.P. 106(a)(4). That motion to dismiss was granted by the court on March 28, 1975.
On April 14, 1975, plaintiff filed an amended complaint challenging the amendatory ordinance on the same grounds raised in his initial complaint and praying for certification of the proceedings before the Council to the district court as provided by C.R.C.P. 106(a)(4). In this action the Council and the Ashbaughs were dropped as parties defendants. The City filed a motion to dismiss the amended complaint on the grounds of untimeliness and failure to join indispensable parties. Plaintiff thereupon filed a second amended complaint joining the Ashbaughs as defendants, asserting his original claims for declaratory and injunctive relief, and eliminating his claim for certiorari review under C.R.C.P. 106(a)(4). This latter complaint was dismissed by the court on June 13, 1975.
Plaintiff contends on appeal that the court erred in dismissing his complaints. He argues that even though his initial complaint was improperly denominated, it was filed within the 30 day time period provided by C.R.C.P. 106(b), and that therefore he should have been afforded the appropriate remedy of certiorari review. He further asserts that his first amended pleading which specifically requested a C.R.C.P. 106(a)(4) proceeding related back, under C.R.C.P. 15(c), to the filing date of the original pleading and was thus timely; and that, in any event, he should have been permitted to proceed on his second amended complaint since he raised therein constitutional questions which are not appropriate to a C.R.C.P. 106(a)(4) proceeding. We find no error in the trial court rulings.
While plaintiff cites as error the dismissal of his first complaint, he did not appeal from this order but rather chose to amend his complaint and thus waived any error made by the court in dismissing his original complaint. Ireland v. Wynkoop, Colo.App., 539 P.2d 1349.
The recent Supreme Court case of Snyder v. City of Lakewood, Colo., 542 P.2d 371, controls our decision in this appeal. In Snyder, the City of Lakewood, members of the Lakewood City Council, and the West Alameda Community Baptist Church appealed from a declaratory judgment entered by the district court declaring invalid a city ordinance rezoning certain of the church property. Plaintiff therein had filed this original complaint 67 days after the passage of the ordinance *886 and neglected to join the church as a defendant. The church was thereafter joined in plaintiff's amended complaint which the court dismissed as untimely. The court, however, granted a trial de novo on plaintiff's remaining claims for declaratory and injunctive relief. This was held to be error on appeal.
The court in Snyder distinguished between the remedies of declaratory judgment and certiorari review, holding that the former is the proper remedy where the general zoning ordinance is being constitutionally attacked; but that, on the other hand, C.R.C.P. 106(a)(4) is the exclusive remedy to challenge a rezoning determination as applied to specific property where the entire general zoning ordinance is not challenged and where review of the record is an adequate remedy.
Thus, since plaintiff herein was challenging the specific amendatory ordinance as applied to the property of the Ashbaughs and not the general zoning ordinance of the City, his exclusive remedy was to bring an action for certiorari review under C.R.C.P. 106(a)(4), and, thus his initial complaint seeking a declaratory judgment and injunctive relief was properly dismissed.
Furthermore, failure to bring the requisite certiorari action within thirty days as provided by C.R.C.P. 106(b) was held to be a jurisdictional defect in Snyder. Therein the court stated that:
"The interests of all will be served if a challenger to a rezoning determination must prosecute all his causes in one certiorari action and bring it within 30 days of `final action' unless a statute or municipal ordinance provides otherwise." (emphasis supplied)
Clearly then, plaintiff's first amended complaint was untimely, and, that untimeliness being jurisdictional in nature, C.R.C.P. 15 (c) does not supply the necessary "relation back" of the amended complaint to the date on which the initial complaint was filed so as to make the amended complaint timely. See Civil Service Commission v. District Court, 186 Colo. 308, 527 P.2d 531; Columbine State Bank v. Banking Board, 34 Colo.App. 11, 523 P.2d 474.
Finally, the court properly dismissed plaintiff's second amended complaint since a challenger to a rezoning ordinance cannot be permitted to accomplish by means of declaratory judgment and an injunction, that which he can no longer accomplish directly under C.R.C.P. 106(a)(4). Snyder, supra.
Since the dismissal of plaintiff's complaints on procedural grounds was proper, we need not discuss the issues of standing and joinder raised by the City.
Judgment affirmed.
VanCISE and KELLY, JJ., concur.