589 P.2d 70 (1978)
GREYHOUND RACING ASSOCIATION OF SOUTHERN COLORADO, INC., Plaintiff-Appellee,
v.
COLORADO RACING COMMISSION of the State of Colorado, and Thomas J. Carney, Ben T. Poxson, Cyrus C. Wells, as members thereof, Rocky Mountain Kennel Club, Inc. and Pueblo Kennel Association, Defendants-Appellants.
No. 78-011.
Colorado Court of Appeals, Div. II.
September 14, 1978.
Rehearing Denied October 12, 1978.
Certiorari Denied January 15, 1979.
S. Philip Cabibi, Pueblo, for plaintiff-appellee.
J. D. MacFarlane, Colorado State Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Bruce M. Douglas, Asst. State Sol. Gen., Denver, for defendants-appellants Colorado Racing Commission and members thereof.
Rothgerber, Appel & Powers, James M. Lyons, Denver, for defendant-appellant Pueblo Kennel Ass'n.
Rector, Retherford & Mullen, L. Dan Rector, Colorado Springs, for defendant-appellant Rocky Mountain Kennel Club, Inc.
KELLY, Judge.
The defendants, Colorado Racing Commission, its individual members, Rocky Mountain Kennel Club, Inc., and Pueblo Kennel Association, appeal from the declaratory judgment of the trial court that the 40-mile restriction contained in § 12-60-108(2), C.R.S.1973, is to be determined by the measurement of access over public highways. The defendants contend that the General Assembly intended an absolute 40-mile radius restriction measured in a straight line without regard to intervening obstacles. We do not reach these issues.
*71 At oral argument, this Court raised, and the parties addressed, the question whether, under the circumstances, declaratory relief is an available remedy to this plaintiff. On this issue, we reverse.
The Greyhound Association of Southern Colorado, Inc., filed an application with the racing commission for a license to conduct a greyhound racing meet in Canon City, Colorado. The racing commission held a hearing on the association's license application, at which the only issue was whether the proposed site of the track was within 40 miles of an established dog racing track. Fortified by an opinion from the Attorney General, the racing commission interpreted § 12-60-108(2), C.R.S.1973, to mean that a license could not be granted if the proposed site was within a 40-mile radius of an established track, and the license was denied.
The plaintiff sought review in the district court pursuant to C.R.C.P. 106(a), and the Administrative Procedure Act, § 24-4-106, C.R.S.1973. However, the plaintiff's petition for review was not timely, and the plaintiff acquiesced in its dismissal. The plaintiff then filed an amended complaint seeking declaratory relief pursuant to C.R. C.P. 57, asking for an interpretation of the 40-mile restriction contained in § 12-60-108(2), C.R.S.1973.
In Snyder v. City of Lakewood, 189 Colo. 421, 542 P.2d 371 (1975), our Supreme Court held that C.R.C.P. 106(a)(4) is the exclusive remedy for challenging an administrative body's action on a rezoning application. See also Lorenz v. City of Littleton, Colo. App., 550 P.2d 884 (1976). The failure to perfect a petition for review within the time proscribed by C.R.C.P. 106(b) is jurisdictional. Westlund v. Carter, Colo., 565 P.2d 920 (1977); Board of County Commissioners v. Carter, Colo., 564 P.2d 421 (1977).
This court has previously held that Snyder is not limited to zoning cases. Van Huysen v. Board of Adjustment, Colo.App., 550 P.2d 874 (1976). In Van Huysen, we applied the Snyder rationale in reviewing the denial of a building code variance.
In our view, Snyder and Van Huysen preclude the procedure adopted in this case. Here, the plaintiff's exclusive remedies for seeking review of the racing commission's interpretation of § 12-60-108(2), C.R.S. 1973, as applied to its application, were under § 24-4-106, C.R.S.1973, or C.R.C.P. 106(a). Plaintiff's failure to pursue these remedies in a timely manner bars a declaratory judgment action. Hays v. Denver, 127 Colo. 154, 254 P.2d 860 (1953). The plaintiff's complaint seeking a declaratory judgment should have been dismissed, since the plaintiff was thereby attempting to do indirectly that which was barred by § 24-4-106(4), C.R.S.1973 (1976 Cum.Supp.), and C.R.C.P. 106(b). Lorenz v. City of Littleton, supra.
The judgment is reversed and the cause is remanded with directions to dismiss the amended complaint.
ENOCH and RULAND, JJ., concur.