591 P.2d 1323 (1978)
COLORADO-UTE ELECTRIC ASSOCIATION, INC., Plaintiff-Appellant,
v.
The AIR POLLUTION CONTROL COMMISSION OF the COLORADO DEPARTMENT OF HEALTH, Dr. James Lodge, Dr. John Cobb, Mitchell Simmons, Gerald Jensen, Dr. Val Veirs, Laboyta Garnand, Charles McAfee, Dr. David Kelble, Vinton Pierce, Commissioners and their successors in office from time to time, the Air Pollution Control Division of the Colorado Department of Health, the Colorado Department of Health, Dr. Edward G. Dreyfus, Executive Director, Environmental Defense Fund, Defendants-Appellees, and
Public Service Company of Colorado, Ideal Basic Industries, Inc., City of Colorado Springs, Defendants-Cross-Claimants-Appellants, and
Tri-State Generation & Transmission Association, Inc., Intervenor-Appellant.
No. 77-662.
Colorado Court of Appeals, Division I.
October 12, 1978.
Rehearing Denied January 11, 1979.
Certiorari Granted March 19, 1979.
*1324 *1325 Holland & Hart, Robert T. Connery, Helen Marsh, Denver, for plaintiff-appellant and for defendants-cross-claimants-appellants Ideal Basic Industries, Inc., and intervenor-appellant Tri-State Generation & Transmission Ass'n, Inc.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Gregory J. Hobbs, Jr., First Asst. Atty. Gen., Hubert A. Farbes, Jr., Janet Lee Miller, Asst. Attys. Gen., Denver, for defendants-appellees Air Pollution Control Commission and related state agencies.
David C. Mastbaum, Denver, for defendant-appellee Environmental Defense Fund.
Tad S. Foster, Gordon D. Hinds, Colorado Springs, for defendant-cross-claimant-appellant City of Colorado Springs.
Kelly, Stansfield & O'Donnell, Timothy J. Flanagan, Denver, for defendant-cross-claimant-appellant Public Service Co. of Colorado.
SMITH, Judge.
Plaintiff, Colorado Ute Electric Association, Inc., (Colorado Ute) and certain of the other parties appeal a judgment in favor of defendant Air Pollution Control Commission of the Colorado Department of Health (Commission). We set aside the judgment and remand with directions to dismiss the action.
Colorado Ute brought this action to challenge the validity of Air Pollution Control Commission Regulation No. 3, § II.H.1.a., which sets forth standards of air quality required to be met by those emitting pollutants into the air. Regulation No. 3 was adopted after public hearings were held in August and September of 1975, and was approved by the Attorney General on December 18, 1975, pursuant to § 24-4-103(8)(b), C.R.S.1973. It became effective on January 19, 1976. Section II.H.1.a. establishes standards by which the Commission determines whether to grant or deny applications for permits authorizing operations which discharge pollutants into the air. The Commission is given the authority to refuse applications for permits which do not comply with the attainment or maintenance of applicable federal, state, or local air quality standards.
Colorado Ute insists in appeal that imposition upon the applicant of air quality requirements, state or local, which are more stringent than the federal ones exceeds the Commission's authority granted by the Colorado Air Pollution Control Act. Section 25-7-101, et seq., C.R.S.1973. Colorado Ute further argues that even assuming the Commission, in adopting the regulation, acted within the legislative grant of authority, the regulation is invalid because it is arbitrary and capricious, an abuse of administrative discretion, and that the standards *1326 contained in the regulation were not supported by substantial evidence presented at the administrative hearings conducted by the Commission prior to the adoption of § II.H.1.a.
Colorado Ute is a public utility engaged in the generation and supply of wholesale electricity, and owns several generating sites in Colorado with others currently under construction. Colorado Ute's operations necessarily cause pollutants to be discharged into the atmosphere, bringing it within the jurisdiction of, and subject to regulation by, the Commission.
As the basis for its complaint, Colorado Ute alleges that it has invested substantial funds in its facilities and intends to invest substantially more in its efforts to furnish adequate electrical supplies to its wholesalers. Colorado Ute asserts that these investments and consequently its ability to provide power will be materially damaged should the company be forced to comply with the maintenance of air quality standards set out in Regulation No. 3, particularly § II.H.1.a. Colorado Ute asserts that the threat of future financial injury to it is sufficient to justify the court in assuming jurisdiction of its complaint pursuant to C.R.C.P. 106, and § 24-4-106, C.R.S.1973 of the Colorado Administrative Procedure Act, and the statute and rule concerning declaratory judgments, § 13-51-101, et seq., C.R.S.1973, and C.R.C.P. 57. We disagree with these contentions.

C.R.C.P. 106
Under C.R.C.P. 106(a)(4), review is available only upon the exercise of a judicial or quasi-judicial function by an agency, and the court may not review an order, action or proceeding which is legislative or ministerial in nature. Kizer v. Beck, 30 Colo.App. 569, 496 P.2d 1062 (1972); Board of Land Commissioners v. Carpenter, 16 Colo.App. 436, 66 P. 165 (1901).
Availability of review of agency action under Rule 106 reflects the recognized distinction in administrative law between proceedings for the purpose of promulgating rules and proceedings intended to adjudicate disputed facts in specific cases. A judicial proceeding investigates, declares and enforces rights and liabilities as they are presented on past or present facts under laws already in existence. Legislative or rule making proceedings look to the future and change existing conditions by making new rules to be thereafter applied to those subject to the agency's power. See Prentis v. Atlantic Coastline Co., 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150 (1908).
The promulgation of Regulation No. 3 by the Commission is, in essence, merely the filling in of details to a legislative plan in order that the legislative mandate may be implemented. Only the proceedings in which the act, and the regulations implementing it, are directly applied to specific persons are quasi-judicial and thus subject to judicial review under C.R.C.P. 106. Thus, use of that rule is not appropriate here inasmuch as there have been no such proceedings conducted.
Having disposed of the right to review under C.R.C.P. 106, on these grounds, we need not address the issue of the standing of plaintiff as an aggrieved person to seek review under the rule.

Administrative Procedure Act
Under the Administrative Procedure Act, however, the right to judicial review is not dependent upon the characterization and nature of the proceeding. The right is statutory and the statute which authorizes review by the courts makes all final agency actions reviewable: (1) if the review is timely sought, and (2) if the party or parties seeking review meet the qualifications specified in the statute and thus have standing to initiate review proceedings.
In order to establish standing under § 24-4-106, C.R.S.1973, of the Colorado Administrative Procedure Act, a litigant must show that he is aggrieved or adversely affected by the agency action. The right to judicial review of administrative action under the A.P.A. is limited to those parties to a proceeding before the administrative agency whose rights, privileges, or duties *1327 are directly and adversely affected by the action. Board of County Commissioners v. State Board of Social Services, 186 Colo. 435, 528 P.2d 244 (1974). In interpreting the language of the statute, we conclude that if an administrative rule or order either commands or prohibits action on the part of specific individuals or entities, then those subject to the mandate or prohibition of the rule have sufficient interest and standing to seek judicial review of the administrative action adopting the rule or order under § 24-4-106, C.R.S.1973. However, if the rule or order is non-specific as to whom it applies, or merely formulates licensing procedures or regulatory criteria, persons who may be subject to the regulation are not adversely affected until the rule has been applied specifically to them, and thus such persons to whom the regulation has not been specifically applied lack standing to seek judicial review of the proceedings which resulted in the rule or regulation.
The promulgation of a rule of such general application does not, in itself, constitute final agency action, and does not adversely affect a specific person or entity until it has been applied to that specific person or entity. It is only after a particular individual has been subjected to application of the rule or regulation, that he may apply to a court to review the proceedings in which such application was made, but such review extends only so far as the agency's specific action in the particular case complained of, and this review is limited to the record made by the agency. Stream v. Heckers, 184 Colo. 149, 519 P.2d 336 (1974). The legality or propriety of the rule upon which the action of the agency is based is thus not a proper question for review under § 24-4-106, C.R.S.1973, except as it applies to a particular person or entity.
Colorado Ute does not assert that it has sought and been denied an emission permit pursuant to Regulation No. 3, but only complains that it is threatened with possible denial of a permit should an application be made which does not comply with the Commission's promulgated standards. Hence, since the Commission has had no opportunity to apply its air quality standards to Colorado Ute's particular circumstances, the feasibility of compliance with these standards is hypothetical. Furthermore, since the regulation is applicable to future conduct only, and not to any existing facilities covered by outstanding air emission permits, Colorado Ute has suffered no injury in fact, monetary or otherwise, as is required for standing. Wimberly v. Ettenberg, Colo., 570 P.2d 535 (1977).
In this connection, we note that Regulation No. 3, § II.I.1 authorizes the grant of permits subject to conditional requirements, which may include continuing conditions to insure compliance with air quality standards. The permissible scope of these conditions is not within the ambit of this decision, but we conclude that under Regulation No. 3 the Commission is empowered to issue permits subject to reasonable exceptions or variances conforming to an applicant's ability to meet the set air quality standards, or conditioned upon the applicant's willingness to adopt measures that will enable it to meet air quality standards at some fixed future date. Consequently, the dire consequences Colorado Ute foresees in the challenged regulation are premised on too narrow an analysis of the alternatives available to the Commission.
We also note that § II.H.3 requires the Commission, in the event a permit is not granted, to issue a written denial of the application stating the reasons for such denial. An applicant whose request has been denied may thereafter receive a hearing before the Commission to review such denial. Colorado Ute has precluded the employment of these administrative remedies by its failure to seek a permit. Thus, judicial review is also premature since the Commission has been given no opportunity to review its own actions relative to any application by Colorado Ute. See Moschetti v. Liquor Licensing Authority, 176 Colo. 281, 490 P.2d 299 (1971).
We conclude that the adopted air quality standards are prospective only and *1328 are not directed specifically at Colorado Ute. They do thus not constitute final agency action as contemplated by § 24-4-106, C.R.S.1973. We therefore find that Colorado Ute is not an aggrieved party for purposes of review under the Colorado Administrative Procedure Act.

Declaratory Judgment
Colorado Ute's reliance upon the Declaratory Judgment Act, § 13-51-101, et seq., C.R.S.1973, and its companion, C.R.C.P. 57, is likewise untenable. Colorado Ute bases its standing to seek declaratory relief upon a conjectural conflict which might arise if a permit is sought and denied solely on the basis of a failure to meet the air quality standards set forth in Regulation No. 3. Colorado Ute faces possible injury only should it decide to construct or obtain future plants or facilities. In effect, Colorado Ute seeks a judicial determination that its possible future plans may not be hampered by the enforcement of the regulation. Such an advisory request is impermissible under C.R.C.P. 57. Utah International, Inc. v. Board of Land Commissioners, Colo.App., 579 P.2d 96 (1978).
Neither is the imminent prospect of enforcement of agency regulations, nor the promulgation of administrative rules and regulations, an appropriate basis for a declaratory judgment action. In Heron v. Denver, 159 Colo. 314, 411 P.2d 314 (1966) the Colorado Supreme Court announced the rule subsequently followed in Cimarron Corp. v. Board of County Commissioners, Colo., 563 P.2d 946 (1977) that where the record on appeal contains no evidence that the challenged regulation has been applied against the appellant or the class it represents, then a declaratory judgment is not appropriate. Such is the case here.
We conclude that based on the record on appeal and upon the reasoning herein expressed, the claims of plaintiff and cross-claimant should be dismissed.
Judgment set aside and cause remanded with directions to dismiss the claims.
BERMAN, J., concurs.
COYTE, J., dissents.
COYTE, Judge, dissenting:
I dissent.
Promulgation of Regulation No. 3 is a final agency action by which Colorado Ute is aggrieved or adversely affected. Thus, Colorado Ute has standing to challenge this regulation and its claim should be decided on the merits.
In order for a company to plan for its future it must know under what regulations it is to operate. Knowledge of the air quality standards and the resultant compliance costs is essential for planning any new facility that might emit pollutants into the air. Failure to adjudicate the validity of this regulation at this time will cause future litigation, planning, and compliance costs to be incurred by Colorado Ute and similar companies. These injuries and those listed in the majority opinion are sufficient to qualify Colorado Ute as a party adversely affected or aggrieved under the Administrative Procedure Act.
Further, promulgation of a rule of general application, such as the regulation here under attack, constitutes final agency action. In Colorado State Board of Optometric Examiners v. Dixon, 165 Colo. 488, 440 P.2d 287 (1968), the court held that a regulation applicable to all persons licensed by the board constituted action appropriate for judicial review. Section 24-4-106(4), C.R.S.1973 (1976 Cum.Supp.) provides:
"Any party adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court in accordance with the rules of civil procedure within thirty days after such agency action becomes effective."
Agency "action" appropriate for judicial review includes "the whole or any part of any agency rule . . . ." Section 24-4-102(1), C.R.S.1973. Under § 24-4-102(15) the term "rule" specifically includes "regulation." Thus the court in Dixon concluded that adoption of an administrative regulation constitutes final agency action subject to judicial review.
*1329 Failure to seek review of a final agency action in a timely manner precludes judicial review. Westlund v. Carter, Colo., 565 P.2d 920 (1977); Greyhound Racing Association of Southern Colorado, Inc. v. Colorado Racing Commission, Colo.App., 589 P.2d 70 (1978). But here, plaintiffs filed a timely suit for review, and they are entitled to know if the regulation is valid and enforceable.
Consequently, I would hold that there had been final agency action, that plaintiff is a party adversely affected or aggrieved, and that this court should address the issue of the validity of the regulation adopted by the Commission.