Nils **CHRISTIANSEN** and Catherine Christiansen, **Plaintiffs–Appellants,**

v.

**CITY COUNCIL OF the CITY OF GOLDEN, Defendant–Appellee.**

No. 86CA1188.

Colorado Court of Appeals, Div. IV.

June 2, 1988.

Alan R. Marsh, Rebecca L. Bennetti, Golden, for plaintiffs-appellants.

Russell J. Sindt, City Atty., Golden, for defendant-appellee.

JONES, Judge.

In this action, plaintiffs, Nils and Catherine Christiansen, sought review pursuant to C.R.C.P. 106(a)(4) of a decision by the Golden City Council (Council) denying a requested rezoning of plaintiffs' property. Plaintiffs also sought recovery of damages under 42 U.S.C. § 1983. From the judgment denying all relief, plaintiffs appeal. We affirm.

Plaintiffs own real estate located in the City of Golden. They applied to the Planning Commission (Commission) of Golden for rezoning of their property from residential to limited residential-commercial.

After review of the application at a public hearing, the Commission recommended approval of portions of it, subject to conditions, and denied the remainder. Plaintiffs did not find partial approval acceptable.

A public hearing was held by the Council at which time the Council considered remarks in favor of and against the application, the Commission's recommendations, the petitions in opposition, and the planning department files. The original application was not favored by the Commission, the plaintiffs' neighborhood, or the city's staff persons. The Council, setting forth its findings, unanimously denied the rezoning request in its entirety.

Thereafter, plaintiffs initiated this action seeking review of the Council action pursuant to C.R.C.P. 106(a)(4), and requesting damages in the amount of $600,000 under 42 U.S.C. § 1983. Defendant moved to dismiss plaintiffs' claim for damages. The trial court, on February 26, 1986, granted the motion and dismissed plaintiffs' damage claim.

On July 23, 1986, a different trial judge affirmed the Council's decision, finding that the record contained sufficient evidence of the detrimental effect of plaintiffs' rezoning proposal, that the proposal was contrary to the city's development plan, and that there was no substantial change in the area to justify an unspecified commercial change in a residential area.

## I.

Plaintiffs contend that the Council abused its discretion or exceeded its jurisdiction in denying plaintiffs' rezoning application. We disagree.

The trial court correctly looked to the Council record for competent evidence of a factual basis in support of the zoning decision. *See Snyder v. City of Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975). The record does not demonstrate that the Council exceeded its jurisdiction or abused its discretion. Thus, the trial court properly affirmed the council's decision.

## II.

Contrary to plaintiffs' contentions, under the circumstances revealed by the record, the trial court did not err in dismissing the claim asserted under 42 U.S.C. § 1983.

Plaintiffs' pleading contained no allegation of any procedural due process violation. *See Sclavenitis v. Cherry Hills Village Board of Adjustment and Appeals*, 751 P.2d 661 (Colo.App.1988). Their sole

allegation was that the council's actions in denying their rezoning application were arbitrary and capricious. At its best, this allegation was a claim that those actions resulted in a denial of substantive due process. *See Belle Terre v. Boraas,* 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974); *Euclid v. Ambler Realty Co.,* 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926); *Burrell v. City of Kankakee,* 815 F.2d 1127 (7th Cir.1987).

The trial court which entered the order of dismissal had before it the record of the council's proceedings and considered that record. The record discloses no arbitrary or capricious actions by the council, and plaintiffs offered no other evidence relevant to this issue. Thus, plaintiffs did not rebut the council's demonstration that plaintiffs had suffered no deprivation of any constitutionally protected right. Accordingly, no claim for relief under 42 U.S. C. § 1983 would lie. *See Brown v. Colorado Springs,* 749 P.2d 475 (Colo.App.1987); *Barbian v. Panagis,* 694 F.2d 476 (7th Cir. 1982).

The judgment is affirmed.

BABCOCK and CRISWELL, JJ., concur.