William C. RUSSELL, Jr., Plaintiff–Appellant,

v.

CITY OF CENTRAL; City Council of the City of Central; and Central City Opera House Association, a Colorado nonprofit corporation, Defendants–Appellees.

No. 93CA1935.

Colorado Court of Appeals, Div. II.

Feb. 9, 1995.

Holley, Albertson & Polk, P.C., Scott D. Albertson, Eric E. Torgersen, George Alan Holley, Golden, for plaintiff-appellant.

Myers Hoppin Bradley & Devitt, P.C., Jon T. Bradley, Gregg W. Fraser, Denver, for defendants-appellees City of Central and City Council of City of Central.

Ballard Spahr Andrews & Ingersoll, C. Erika Zimmer, Bartlit Beck Herman Palenchar & Scott, Donald E. Scott, Denver, for defendant-appellee Central City Opera House Ass'n.

Opinion by Judge ROY.

Plaintiff, William C. Russell, Jr., appeals a judgment of the district court upholding the approval by the City Council of Central City (Board of Aldermen) of the special review use application of the Central City Opera House Association (CCOHA). The district court also dismissed plaintiff's action for declaratory judgment which sought to invalidate an amendment to the zoning ordinance upon which the special review use was predicated. We reverse and remand with directions.

Plaintiff contends that the amending ordinance is invalid because the Board of Aldermen did not enact it in accordance with the procedures set forth in the home rule charter and the zoning ordinance. We conclude that the amending ordinance is invalid and, therefore, the Board of Aldermen abused its discretion and acted arbitrarily in approving the special review use.

This action arose out of CCOHA's plans to build a rehearsal facility on property it owned in Central City known as the "McFarlane Foundry." Plaintiff owns property adjacent to the McFarlane Foundry.

The McFarlane Foundry is zoned Medium Density Residential (MDR), a zoning classification that does not permit a rehearsal hall as a use by right or as a special review use. While a rehearsal facility is arguably similar to permitted special review uses, the zoning ordinance provides that any use category not expressly granted is deemed excluded. The proposed use also required the approval of the City of Central Historic Preservation Committee, which was granted on January 16, 1992.

In light of the existing zoning, CCOHA requested that the City rezone or approve a special review use and grant a setback variance with respect to the McFarlane Foundry. In order to accommodate CCOHA's request, Central City was required to amend the zoning ordinance to permit a rehearsal hall in a MDR zone as a special review use and then, by separate action, to approve the special review use for the McFarlane Foundry.

In pursuit of that result, the Board of Aldermen adopted an amendment to the zoning ordinance which stated as follows:

It is the intent of this Ordinance to encourage preservation of historic structures, including remnants thereof, as established by historic documentation. . . . Therefore, subject to the provisions, procedures and criteria of Section 5, Special Review Uses, the City Council upon recommendation of the Planning Commission and the Historic Preservation Commission, may permit any use or uses to be conducted on non-residential (as established by character, design, function and prior use), historic structures as special review uses if the City Council finds such use or uses appropriate and necessary to achieve the goal of historic preservation.

On January 16, 1992, Central City sent a notice to owners of property located within 300 feet of the McFarlane Foundry and published the same notice in a newspaper of general circulation in Central City the following day. The notice stated, in pertinent part:

### NOTICE OF PUBLIC HEARING

Pursuant to the City of Central Zoning Ordinance, notice is hereby given that the City of Central Planning Commission and Board of Aldermen will conduct public hearings to consider a request for an amendment to the zoning ordinance by the Central City Opera House Association to permit a special review rehearsal use in a

residential area at the McFarlane Foundry site, Lots 8, 9, 10, 11, 12, and 13, Block 25.

The notice, in addition, announced a hearing before the Planning Commission for February 4, 1992, a hearing before the Board of Aldermen on February 5, 1992, and a hearing before the Board of Adjustment to consider a requested and separately described variance on February 5, 1992.

On February 4, 1992, the Planning Commission held a public hearing and recommended approval of the amendment to the zoning ordinance and then held a public hearing on CCOHA's special review use but postponed action until February 18, 1992. On February 18, 1992, the Planning Commission held a further public hearing and continued the matter to February 25, 1992, when it was again continued to March 3, 1992. On March 3, 1992, the public hearing reconvened, the Planning Commission took additional evidence, and it recommended approval of the special review use.

On February 5, 1992, the Board of Aldermen approved the zoning ordinance amendment on first reading but continued its hearing on CCOHA's special review use application until March 18, 1992. The zoning ordinance amendment was first published on February 7, 1992, and included a notice of a public hearing with respect to the zoning ordinance amendment on February 19, 1992. On February 19, 1992, after holding a public hearing, the City Council passed the zoning ordinance amendment on second reading. The zoning ordinance amendment was published for the second time, and became effective, on March 20, 1992.

On March 18, 1992, the Board of Aldermen held a public hearing regarding CCOHA's special review use and continued the matter to the first meeting in May 1992. However, the final hearing was scheduled for April 22, 1992, and notice to that effect was mailed to interested property owners on April 1, 1992, and published on April 3, 1992. The Board of Aldermen approved the special review use on April 22, 1992.

Russell then commenced these proceedings seeking review of the Board of Aldermen's decision to grant CCOHA's special review use pursuant to C.R.C.P. 106(a)(4) (certiorari) and C.R.C.P. 106(a)(2) (mandamus), and challenged the validity of the zoning amendment pursuant to C.R.C.P. 57 (declaratory judgment). The district court affirmed the City Council's actions with respect to both the granting of the special review use and the validity of the zoning amendment on certiorari review and dismissed plaintiff's claims for mandamus and declaratory relief. Russell appeals from these rulings.

## I.

■ Prior to oral argument in this court, defendants, relying on *Zoning Board of Adjustment v. DeVilbiss*, 729 P.2d 353 (Colo. 1986), submitted a motion, with supporting affidavit, for an order remanding this matter to the trial court for a factual hearing to determine whether this case had become moot. The motion was predicated on the additional facts that: (1) Russell had not sought any injunctive relief to prevent the construction of the rehearsal hall; (2) CCOHA had completed construction of the rehearsal hall during the pendency of this appeal; (3) Central City had issued all necessary permits with respect to the construction; and (4) the facility was specially designed for opera rehearsals. In addition, an affidavit stated that: (1) CCOHA had occupied and used the facility for a period of six months prior to the motion; and (2) the cost of construction exceeded two million dollars.

We denied the motion to remand and granted leave to address this issue at oral argument. Upon further consideration we conclude that the matter is not moot. For the purpose of our discussion, we accept as true the affidavit and representations of counsel.

■ Appellate courts will not render opinions on the merits of appeals when issues presented in litigation become moot because of subsequent events. *Campbell v. Meyer*, 883 P.2d 617 (Colo.App.1994). A case is moot when a judgment, if rendered, would have no practical legal effect upon an existing controversy. *American Drug Store, Inc. v. City & County of Denver*, 831 P.2d 465 (Colo. 1992). When the underlying substantive issue is capable of repetition while evading

review, it is not moot even though the chance of recurrence is remote. *Cloverleaf Kennel Club, Inc. v. Colorado Racing Commission,* 620 P.2d 1051 (Colo.1980).

*DeVilbiss* is distinguishable. There, the applicant applied for a special use permit for the construction of a coal loading facility with a height in excess of that otherwise allowed. The permit was granted and the opponent commenced a proceeding seeking certiorari review and injunctive relief but did not ask for any preliminary injunction or stay. The applicant completed construction and commenced operations while the litigation was pending and the supreme court held that the matter had become moot.

■ We note at the outset that the supreme court limited its holding in *DeVilbiss* to the particular facts of that case. *DeVilbiss* addressed a height variance whereas the issue here is whether the use is permitted. More importantly, the relief sought in *DeVilbiss* was limited to certiorari review and injunctive relief. In this case, declaratory relief challenging the validity of an amendment of general application to the zoning ordinance has been requested. If the amending ordinance is invalid, then not only is the present zoning action invalid but any future action premised on the amendment would likewise be invalid. A matter is not moot if a judgment will have practical legal effect. *In re Marriage of Hartley,* 886 P.2d 665 (Colo. 1994).

Therefore, we conclude that the action is not moot.

## II.

### A.

■ Defendants argue, relying on *Snyder v. City of Lakewood,* 189 Colo. 421, 542 P.2d 371 (1975), that declaratory relief is not available to challenge the validity of an amendment to a zoning ordinance as that act is quasi-judicial in nature and therefore subject to certiorari review only. We disagree.

In *Snyder,* the plaintiff sought a declaratory judgment with respect to the validity of a site specific amendment to the zoning ordinance changing the zoning classification of a parcel from "residential one" to "restricted commercial" to permit the construction of a church. The zoning ordinance in *Snyder* and the zoning ordinance of Central City established procedures and criteria to guide the city council in determining whether it should rezone a parcel.

Rezoning is a site specific determination which requires an amendment to the zoning ordinance. At the hearing on a rezoning application, the applicant must present evidence in support of the proposition that the parcel is eligible for rezoning under the criteria established by the zoning ordinance. The opposition, if any, must present evidence in support of its position. Such a hearing, in which facts are applied to the law, is quasi-judicial in nature and thus reviewable pursuant to C.R.C.P. 106(a)(4) (certiorari), but not pursuant to C.R.C.P. 57 (declaratory judgment).

■ Site specific rezoning accomplished by ordinance is, however, subject to referendum, when the governing referendum provision is broadly drawn. *Snyder v. City of Lakewood, supra; Margolis v. District Court,* 638 P.2d 297 (Colo.1981); *City of Fort Collins v. Dooney,* 178 Colo. 25, 496 P.2d 316 (1972). And, the issue of whether such rezoning can be accomplished by the initiative process remains an open question. *See Margolis v. District Court, supra.*

Accordingly, the zoning ordinance amendment in dispute here, because it is an amendment of general application, is subject to review pursuant to C.R.C.P. 57 (declaratory judgment), is not reviewable pursuant to C.R.C.P. 106(a)(4) (certiorari), may be enacted by initiative, and is subject to referendum. *Snyder v. City of Lakewood, supra; Margolis v. District Court, supra.*

Therefore, we conclude that the validity of a zoning ordinance amendment of general application is reviewable pursuant to C.R.C.P. 57, that dismissal of plaintiff's action for declaratory judgment was improper, and that the trial court improperly reviewed the validity of the zoning ordinance amendment pursuant to C.R.C.P. 106(a)(4).

## B.

■ Defendants further argue that declaratory relief is available only as to the constitutionality of the ordinance and that the trial court properly dismissed plaintiff's action. Again, we disagree.

■ Declaratory judgment is the appropriate means of reviewing notice and due process claims with respect to the validity of a site specific rezoning action, but an action seeking declaratory relief must be brought within the thirty-day time limit imposed by C.R.C.P. 106(a)(4). *Norby v. City of Boulder,* 195 Colo. 231, 577 P.2d 277 (1978).

C.R.C.P. 57 clearly contemplates challenges to the validity of municipal ordinances on other than constitutional grounds. This interpretation is buttressed by a requirement that the Attorney General be notified only in the event the challenge is constitutional in nature. C.R.C.P. 57(j). Accordingly, an action for declaratory judgment is the appropriate method for challenging governmental action which is not quasi-judicial and therefore not subject to C.R.C.P. 106(a)(4) review. *Denver Center for the Performing Arts v. Briggs,* 696 P.2d 299 (Colo.1985); *Chellsen v. Pena,* 857 P.2d 472 (Colo.App.1992).

Therefore, we conclude that review of the validity of the zoning ordinance amendment pursuant to C.R.C.P. 106(a)(4) was improper and that the dismissal of the action pursuant to C.R.C.P. 57 was error.

## III.

■ Plaintiff asserts that the zoning ordinance amendment is invalid because the Board of Aldermen did not enact it in accordance with the procedures established by the zoning ordinance. Specifically, he asserts inadequate notice was given for the public hearings before the Planning Commission and the Board of Aldermen. We agree.

Amendments to the zoning ordinance are controlled by the ordinance itself and Central City's home rule charter.

The zoning ordinance requires that the Planning Commission first study the proposed amendment and hold a public hearing not less than 15 days after notice of the hearing is published, and then report its recommendation to the Board of Aldermen. The notice requirement of the ordinance applies to both a zoning ordinance amendment rezoning a particular parcel and to amendments of general application. If the amendment relates to a particular parcel, the notice of hearing must also be mailed to all property owners within 300 feet of the parcel. The zoning ordinance then requires the Board of Aldermen to conduct a public hearing upon notice that meets the same requirements.

The home rule charter requires that an ordinance can only be amended by ordinance. A proposed ordinance, or amendment, must be submitted to and approved by, the Board of Aldermen, at first reading, a subsequent public hearing scheduled, and publication of a notice of the public hearing and the proposed ordinance, the first publication. The proposed ordinance must then be reintroduced at a subsequent council meeting, a public hearing conducted, and, if the proposed ordinance is approved, the ordinance must be published a second time. The ordinance is effective upon that second publication, in this case, March 20, 1992.

■ A municipality must strictly comply with "provisions for notice of a public hearing in connection with a zoning ordinance amendment...." *Hallmark Builders & Realty v. City of Gunnison,* 650 P.2d 556, 559 (Colo. 1982). Failure to do so results in the invalidation of the amendment. *Holly Development, Inc. v. Board of County Commissioners,* 140 Colo. 95, 342 P.2d 1032 (1959).

■ The notice of public hearing must provide sufficient information from which an interested person can determine whether his or her rights may be affected by the proposed amendment. At a minimum, the notice must include the "date, time, and place of the hearing and apprise the public of the subject matter of the hearing and the nature of the proposed zoning change." *Hallmark Builders & Realty v. City of Gunnison, supra,* at 559. The notice must be reasonably understood by a layman. *See Holly Development, Inc. v. Board of County Commissioners, supra.*

Plaintiff first contends that the notice of January 16, 1992, was defective under the zoning ordinance because it did not clearly state that the Planning Commission and the City Council were to act on both a general amendment to the zoning ordinance and CCOHA's site specific special review use application based upon the amendatory ordinance. Plaintiff also contends that the notice was misleading because it created the impression that the proposed ordinance affected only the McFarlane Foundry property rather than having a much broader application. Accordingly, plaintiff argues that the notice did not properly apprise the public of the subject matter of the hearing and the nature of the proposed zoning change.

We agree that the notice failed to distinguish between the hearings with respect to the proposed zoning ordinance amendment, which was legislative in nature, and the site specific special review use sought by CCOHA, which was quasi-judicial in nature. While the two actions were intertwined, they were, nonetheless, separate and distinct with quite different ramifications.

Here, the notice was adequate to advise the public that the Planning Commission, Board of Adjustment, and Board of Aldermen would consider a site specific request by virtue of the specific property description contained in the notice. While the notice states that "a request for an amendment to the zoning ordinance" will be considered, such amendments can be, and in many instances are, site specific. The notice refers to both the special review use and the variance request, both of which are site specific. In addition, the notice was published and served on the adjacent property owners, the manner of notification required only with respect to site specific actions.

Furthermore, it is evident from the plain language of the zoning ordinance amendment that it could, and apparently does, affect more than just the McFarlane Foundry property. The zoning ordinance amendment applies to any non-residential historic structure and is not limited to any particular zoning district. Thus, the zoning ordinance amendment had implications much broader than that implied by the notice.

■ We reject the argument that plaintiff's participation in the proceedings relieved the City from strictly complying with the notice requirements. The absence of adequate notice is jurisdictional and neither the Planning Commission nor the City Council can proceed to conduct public hearings even though some opponents appeared or filed written objections. *Holly Development, Inc. v. Board of County Commissioners, supra.*

We conclude that the procedure followed in adopting the zoning ordinance amendment was not in accordance with the requirements of the zoning ordinance, and the amendment is, therefore, invalid.

IV.

■ Accordingly, we also conclude that the Board of Aldermen's approval of CCOHA's special review use, which was dependent on the validity of the ordinance, exceeded its jurisdiction and was arbitrary and capricious. *See* C.R.C.P. 106(a)(4); *Holly Development, Inc. v. Board of County Commissioners, supra.*

Because of our resolution above, we need not address plaintiff's remaining contentions of error.

The judgment is reversed and the cause is remanded with directions to the trial court to enter judgment in favor of plaintiff and against Central City and CCOHA declaring the ordinance invalid and to set aside the use by special review granted to CCOHA for the McFarlane Foundry.

PLANK and HUME, JJ., concur.